SAMUEL NILSEN, Respondent, *v.* AMERICAN BRIDGE COM- PANY, Appellant.

**Master and servant — negligence — pleading — demurrer — common-law action for negligence — when cause of action therein not barred by Workmen's Compensation Law.**

Where, in an action brought by the plaintiff to recover from the defendant, a corporation, damages for injuries received when plaintiff was engaged in his duties as an employee, the complaint alleges a cause of action for negligence at common law and does not allege or disclose that plaintiff, or his employer, was engaged in any hazardous occupation within, or subject to, the provisions of the Workmen's Compensation Law (Cons. Laws, ch. 67), the question as to whether the plaintiff, by reason of said law, is barred from the right

to recover is not presented, and a demurrer to the complaint cannot be sustained upon the ground that the remedy provided in the Compensation Law is exclusive.

*Nilsen* v. *American Bridge Co.*, 176 App. Div. 915, affirmed.

(Argued April 16, 1917; decided May 8, 1917.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the first judicial department, entered January 19, 1917, which affirmed an order of Special Term granting a motion by plaintiff for judgment on the pleadings.

The following question was certified: " Is the plaintiff, respondent herein, entitled to judgment upon the pleadings ? "

The nature of the action and the facts, so far as material, are stated in the opinion.

*William W. Corlett* and *Raynal C. Bolling* for appellant.

*Benjamin Patterson* and *George Bell* for respondent.

HOGAN, J. The complaint in this action alleged in substance that defendant is a domestic corporation; that on February 15th, 1916, plaintiff while in the employ of defendant and engaged in work under its direction, without negligence on his part, and by reason of the negligence of defendant, received injury to his person, the nature of which is detailed in the complaint; that by reason of such injuries, which are stated to be permanent, he suffered pain for a long period of time, though he was not incapacitated for more than two weeks from earning full wages at his customary employment. The defendant demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action. The demurrer was overruled and plaintiff's motion for judgment on the pleadings granted. From such judgment

appeal was taken to the Appellate Division, where the judgment was affirmed.

Upon argument of the appeal in this court counsel for defendant appellant urged that by the enactment of the Workmen's Compensation Act plaintiff is barred from any right to recover damages for his injuries in a common-law action for the reason that the remedy provided for in the Compensation Law is exclusive.

That the complaint sufficiently alleges a cause of action for negligence at common law is practically conceded by appellant. The complaint does not allege that plaintiff was engaged as an employee in a hazardous employment at the time the injury was sustained. While the complaint alleges the corporate existence of defendant it does not disclose that such corporation defendant was engaged in any hazardous work or occupation described in the Workmen's Compensation Law, and it fails to allege the nature of the business carried on by the defendant or that it was engaged in business as a manufacturing corporation. The complaint does not disclose that plaintiff and plaintiff's employer, the defendant, are subject to any provisions of the Compensation Law. Consequently, the question as to whether or not the plaintiff, by reason of the Compensation Law, is barred from a right to recover is not presented upon the pleadings before us.

The order of the Appellate Division should be affirmed, with costs, and the question certified answered in the affirmative.

HISCOCK, Ch. J., CHASE, POUND, McLAUGHLIN, CRANE and ANDREWS, JJ., concur.

Order affirmed.