ELSIE SCHATTNER, Respondent, *v.* AMERICAN TOBACCO COMPANY, Appellant.

(Supreme Court, Appellate Term, First Department, June, 1917.)

Jurisdiction — how determined — of Municipal Court of city of New York — notice of appearance — pleading — Municipal Court Code, § 88.
Appeal — dismissal of — pleading — motion to dismiss complaint reviewable — Workmen's Compensation Law.

The provision of section 88 of the Municipal Court Code that "An objection that the court has no jurisdiction * * * of the subject of the action may be taken by filing a notice of special appearance," is permissive only, and a party cannot be deprived of raising the question of jurisdiction at any time.

Whether or not under an oral complaint to recover for personal injuries the Municipal Court of the city of New York is deprived of jurisdiction over the subject-matter of the action, depends upon the facts shown on the trial and may not be determined by affidavit in advance of the trial.

The question whether plaintiff may be relegated to her remedy under the Workmen's Compensation Law should be raised by answer or motion at the close of the trial or when all the facts appear, and an order entered upon the denial of a motion to dismiss the complaint is reviewable only on an appeal from the judgment; an appeal taken simply from said order will be dismissed.

APPEAL by the defendant from an order of the Municipal Court of the city of New York, borough of Manhattan, third district, denying a motion to dismiss the complaint.

Junius Parker (Jonathan H. Holmes, of counsel), for appellant.

Kevie Frankel (Max Bernstein, of counsel), for respondent.

Appellate Term, First Department, June, 1917. [Vol. 100.

Whitaker, J.   The complaint in this action is oral, the claim being "An action for personal injuries. Date Aug. 2d. 1916.   Place 511 West 22d. St."

No answer has been filed.  The defendant moved to dismiss the complaint setting up in affidavits that the defendant is engaged in a business which falls within the provisions of the Workmen's Compensation Act; that it has taken advantage of the said act; that when the plaintiff was injured she was in the employ of the defendant; that the jurisdiction of the Workmen's Compensation Commission is exclusive as provided in said act, and that the Municipal Court has no jurisdiction of the subject-matter of the action.

The defendant appeared generally, and the plaintiff claims that for that reason he is precluded from questioning the jurisdiction of the Municipal Court and cites section 88 of the Municipal Court Code as authority for that position.  Section 88 of the Municipal Court Code reads as follows: "An objection that the court has no jurisdiction of the person of the defendant or no jurisdiction of the subject of the action may be taken by filing a notice of special appearance, as hereinbefore provided.  All other objections which heretofore might have been taken by demurrer may be taken by motion.  The notice of motion must specify the grounds thereof and the particular defects or objections upon which the moving party relies."

A general appearance waives any question as to jurisdiction of the person, but it has always been held that an objection to the jurisdiction of the subject-matter can be taken at any time, and the authorities in support of that proposition are so numerous and familiar as to need no citations.  So far as the section above quoted relates to objections to the subject-matter, it must be held to be permissive only, and that

a party cannot be deprived of raising the question of jurisdiction of the subject-matter at any time. So far as appears by the complaint the Municipal Court has jurisdiction of the cause of action. Whether or not it has been deprived of the power to exercise that jurisdiction in this action depends upon the facts shown upon the trial, and cannot be determined by affidavits in advance of the trial.

That the plaintiff may be relegated to her remedy under the Compensation Law is a question that should be raised by answer or motion made at the close of the trial or when the facts are all shown, and the denial of a motion to dismiss can only be reviewed upon an appeal from the judgment. Municipal Court Code, § 154.

GUY and FINCH, JJ., concur.

Appeal dismissed with ten dollars costs.