SOPHIA NULLE and WILLIAM F. NULLE, as Executors, etc., of JULIUS NULLE, Deceased, Respondents, v. HARDMAN, PECK & COMPANY, Appellant.

First Department, December 13, 1918.

Workmen's Compensation Law — exclusiveness of remedy under statute — pleading — complaint in action either at common law or under Employers' Liability Act — failure to state facts to show and to allege that plaintiffs are not limited to exclusive remedy provided by statute.

A complaint in an action either at common law or under the Employers' Liability Act to recover for the death of plaintiffs' testator, a night watchman employed by defendant in its piano factory, which shows that deceased was an employee of the defendant engaged in a hazardous employment, and that he received injuries arising out of and in the course of his employment, but which does not allege that his employer failed to secure the payment of compensation for injured employees and their dependents as provided in the Workmen's Compensation Law, and that

the plaintiffs are not limited to the exclusive remedy provided by the statute, fails to state a cause of action.

The remedy provided under the Workmen's Compensation Law is exclusive where it applies, and the burden is upon a plaintiff to set forth facts showing that the statute does not apply.

APPEAL by the defendant, Hardman, Peck & Company, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 30th day of April, 1918, denying defendant's motion for judgment on the pleadings, consisting of a complaint, answer and reply.

*James J. Mahoney* of counsel [*George J. Stacy* with him on the brief], for the appellant.

*Owen W. Bohan,* for the respondents.

DOWLING, J.:

The real question involved herein is the sufficiency of the complaint, which defendant claims sets forth no cause of action. The action is brought to recover damages for the death of plaintiffs' testator, Julius Nulle, who was a night engineer employed by defendant in its piano factory at 542 West Fifty-second street, in the city of New York. It is set forth in the complaint that Nulle, while acting as night engineer in defendant's employ on November 5, 1916, in the ordinary course of his employment and under the direction, supervision and control of the defendant, was instructed to dispose of refuse collected in the piano factory, which was of a highly inflammable nature and was placed in cans to be disposed by decedent under defendant's supervision; that decedent was directed by defendant, in the ordinary course of his employment, to burn the refuse in defendant's furnace. It is alleged that the furnace was old, worn, defective and unsafe, to defendant's knowledge, despite which no instructions as to its danger were given by it to Nulle; that the usual and ordinary guards in general use on furnaces of this character were absent; that because of these conditions, Nulle, while in the performance of his duties as engineer in defendant's employ, and while actually placing the highly inflammable material in the furnace, was severely burned as the result

of the ignition of the refuse by a back draft, which in turn set fire to Nulle's clothing, and inflicted injuries from which he died more than a month thereafter. Among the specifications of defendant's negligence are, that the furnace was taxed beyond its capacity and was entirely unsafe and insufficient for the work for which it was used; that guards were absent; that there was no reasonable or proper care, test or inspection; that the Employers' Liability Act had not been complied with, nor had chapter 657 of the Laws of 1906;* that the furnace was used in an unsafe and improper manner; and that Nulle's death was due to the defective condition of the ways, works, machinery, plant, tools and implements owned, operated and controlled by defendant, which condition could have been discovered by defendant by the use of reasonable and proper care, and that defendant had knowledge thereof or could have discovered the same with reasonable diligence. It is further averred that the notice required by the Employers' Liability Act had been duly given. (See Laws of 1902, chap. 600; Labor Law [Consol. Laws, chap. 31; Laws of 1909, chap. 36], art. 14, as amd. by Laws of 1910, chap. 352.)

Defendant contends that the complaint is insufficient and does not state facts sufficient to constitute a cause of action inasmuch as under its allegations the only remedy available was that provided by the Workmen's Compensation Law, which is exclusive; and that the only exception is to be found in case the employer has failed to secure the statutory compensation as provided in the act, in which event the plaintiff must set forth in his complaint the necessary allegations to bring himself within the exception. In this contention we think the defendant is correct.

The complaint alleges that decedent was employed in a piano factory, and the manufacture of pianos is a hazardous employment within the meaning of the Workmen's Compensation Law (Consol. Laws, chap. 67 [Laws of 1914, chap. 41], § 3, subd. 1, as amd. by Laws of 1916, chap. 622), being

---

* Adding to Railroad Law (Gen. Laws, chap. 39; Laws of 1890, chap. 565), § 42a; Railroad Law (Consol. Laws, chap. 49; Laws of 1910, chap. 481), § 64.— [REP.

embraced in group 16 of section 2 thereof (as amd. by Laws of 1916, chap. 622). Decedent was an employee in a hazardous employment under the terms of subdivision 4 of section 3 of the act (as amd. by Laws of 1916, chap. 622). His status as an employee within the terms and protection of this statute is fixed by the allegations of the complaint. Section 10 of the Workmen's Compensation Law, so far as material, at the time of decedent's injury reads as follows: " Every employer subject to the provisions of this chapter shall pay or provide as required by this chapter compensation according to the schedules of this article for the disability or death of his employee resulting from an accidental personal injury sustained by the employee arising out of and in the course of his employment, without regard to fault as a cause of such injury, except where the injury is occasioned by the willful intention of the injured employee to bring about the injury or death of himself or of another, or where the injury results solely from the intoxication of the injured employee while on duty.   *   *   *."

Section 11 thereof (as amd. by Laws of 1916, chap. 622) at the same time provided: " The liability of an employer prescribed by the last preceding section shall be exclusive and in place of any other liability whatsoever, to such employee, his personal representatives, husband, parents, dependents or next of kin, or anyone otherwise entitled to recover damages, at common law or otherwise on account of such injury or death, except that if an employer fail to secure the payment of compensation for his injured employees and their dependents as provided in section fifty of this chapter, an injured employee, or his legal representative in case death results from the injury, may, at his option, elect to claim compensation under this chapter, or to maintain an action in the courts for damages on account of such injury   *   *   *."

Thus by the provisions of the Workmen's Compensation Law in effect at the time of decedent's death, under the state of facts shown by the complaint, deceased was an employee of defendant engaged in a hazardous employment, and having received injuries arising out of and in the course of his employment, the remedy provided by the act became exclusive and no cause of action arose either at common law or under the

Employers' Liability Act. The only exception to this rule would be in case the employer had failed to secure the payment of compensation for his injured employees and their dependents as provided in the act. But this is a matter for the plaintiffs to plead, if they desire to seek a recovery outside the act. That the remedy provided under the act is exclusive, where it applies, was held in *Shanahan* v. *Monarch Engineering Company* (219 N. Y. 469). That the burden is upon the plaintiffs to set forth the facts showing that the act did not apply is clearly indicated in the opinion of this court in *Shinnick* v. *Clover Farms Co.* (169 App. Div. 237): " There is no allegation that defendant has failed to secure the payment of compensation for his injured employees or their dependents as provided in section 50 of the act (as amd. by Laws of 1914, chap. 316), or that plaintiff has, for that reason, elected to sue in the courts. The question we have to consider, therefore, is whether the Workmen's Compensation Law provides compensation for such an injury as that which plaintiff has suffered." This case was cited by the court as authority for its decision in *Nilsen* v. *American Bridge Co.* (176 App. Div. 915; affd., 221 N. Y. 12).

Inasmuch as plaintiffs have failed to set forth the necessary facts showing that they come within the exception and that they are not limited to the exclusive remedy provided by the act, the complaint was demurrable, and the motion for judgment should have been granted.

The order appealed from will, therefore, be reversed, with costs, and the motion for judgment on the pleadings in favor of the defendant will be granted, with ten dollars costs, with leave to the plaintiffs to serve an amended complaint within twenty days upon payment of said costs.

CLARKE, P. J., SMITH, PAGE and SHEARN, JJ., ·concurred.

Order reversed, with ten ·dollars costs and disbursements, and motion granted, with ten dollars costs, with leave to plaintiffs to serve an amended complaint on payment of costs.