MARY DZIENGELEWSKY, as Administratrix of the Goods, Chattels and Credits of WLADYSLAW DZIENGELEWSKY, Plaintiff, *v.* TURNER & BLANCHARD, INC., Defendant.

(Supreme Court, Kings Special Term, April, 1919.)

Election of remedies — right of — awards — actions — Workmen's Compensation Law — when motion to set aside verdict denied.

Plaintiff's intestate at the time of his death was engaged in loading a steamship from a lighter moored alongside and in order to do the work it was necessary for him and his fellow

workmen to go from the ship to the lighter and *vice versa* using a companionway which, though belonging to the ship, was used by the defendant, the employer of said intestate, and while he and others were returning from the ship to the lighter the companionway broke and they were all thrown into the water and he was drowned. *Held,* that plaintiff had the right to elect whether to take an award under the Workmen's Compensation Law or bring an action at common law for damages, and a motion to set aside a verdict in her favor and dismiss the complaint will be denied.

Motion to set aside verdict and for a dismissal of complaint.

Stephen A. Macheinski (John C. Robinson, of counsel), for plaintiff.

Amos H. Stephens (William L. Kiefer, of counsel), for defendant.

Van Siclen, J. The plaintiff has recovered a verdict against the defendant after a full and complete trial of all the issues raised thereon. The defendant now moves to set aside the verdict and for a dismissal of the complaint.

The cause of action is somewhat similar to other causes of action which have heretofore recently been tried and disposed of before this court and it may be that the law affecting the same is not entirely free from doubt and confusion.

Plaintiff's intestate was a longshoreman in the employment of the defendant and at the time of his death was engaged in loading a steamship in the river or harbor with freight from a lighter which was moored alongside of said ship. In order to perform the work it was necessary for the plaintiff's intestate, with other men thus engaged, to, from time to time, descend from the steamship to the lighter and, *vice*

*versa,* to ascend from the lighter to the steamship, using a companionway attached to the side of the ship and leading down to the lighter. Said companionway belonged to the ship but was used by the defendant. On the day of the accident plaintiff's intestate, with others, started to return from the steamship to the lighter and while descending said companionway it broke and the four men were precipitated into the water and plaintiff's intestate was drowned. The action is against the employer of plaintiff's intestate only and not against the owners of the steamship.

Upon the trial the attorney for the defendant made various motions to dismiss the complaint which, upon this motion, are in substance repeated. The defendant contends that if there is any liability it is that of the owners of the ship because the accident was brought about by reason of a defect in some appliance furnished by the ship or in some part of the ship's equipment; that if plaintiff's intestate has any right or claim against the defendant herein such is by way of the Workmen's Compensation Act of the state of New York and that if plaintiff's right to recover under said Workmen's Compensation Act is not exclusive then the cause of action is maritime in its nature and this action as here brought is improper in form both as to the allegations specifying the grounds of the right to recover and as to the amount of the indemnity sought.

The plaintiff urges that her right to recover finds full support under the Federal Judicial Code as amended prior to the happening of the accident hereinbefore mentioned and that the plaintiff is expressly given the right to bring her action in the state courts and to assert her common law rights and to have recovery therefor. The plaintiff cites the case of *Southern Pacific Co.* v. *Jensen,* 244 U. S. 205, as a

supporting authority, and contends that in such cases as that of plaintiff there is the right to elect whether to take compensation under the Workmen's Compensation Law of the state of New York or whether to bring an action at common law, as plaintiff has elected to do in this case. *Nilsen* v. *American Bridge Co.,* 221 N. Y. 12.

A careful reading of the briefs submitted on this motion and a full consideration of the ·arguments made and the cases cited convinces this court that the plaintiff was within the law by coming in the state court and asserting her common law right to recover damages for the loss of her husband while engaged in maritime work. See *Liverani* v. *Clark & Son,* Kings County Special Term, Kapper, J., 176 N. Y. Supp. 725.

A decision of our highest state court is desirable, definitely determining the matters involved herein so that all doubt and confusion, either real or apparent, may be finally determined.

The defendant's motion is denied with exception, together with thirty days' stay and thirty days to make and serve a case.

Motion denied.