ELIZABETH RUDDY, as Administratrix, etc., of EDWARD LEE RUDDY, Deceased, Plaintiff, *v.* MORSE DRY DOCK AND REPAIR COMPANY, Defendant.

(Supreme Court, Kings Trial Term, May, 1919.)

Workmen's Compensation Law, § 2, groups 8, 9 and § 3 (1, 4)—ships and shipping — United States Judicial Code, §§ 24(3), 256(3).

  While the amendments of 1917 to section 24(3) and to section 256(3) of the United States Judicial Code were intended to overcome the effect of the decision in *Southern Pacific Com-*

*pany* v. *Jensen,* 244 U. S. 205, by making state statutes which in terms cover maritime workers, valid and enforceable by them as well as by others, said amendments do not give an employee an election of remedies in a state court not given by a statute of the state.

Where one met his death while working on a vessel in an occupation included within the purview of section 2, groups 8, 9, and section 3, subdivisions 1, 4, of the Workmen's Compensation Law, the provisions of said statute making its benefits the exclusive liability of the employer must be effective and there can be no common-law liability.

Where the complaint of the administratrix of the deceased against his employer in an action alleging a common-law liability shows that the employment of her intestate brought him within the Workmen's Compensation Law, the plaintiff, in order to succeed, must prove defendant's failure to furnish the required insurance as provided by sections 11 and 52 of the statute, and where there is no question that defendant had complied therewith, the complaint will be dismissed.

MOTION for a new trial after dismissal of the complaint.

James P. Kohler (John C. Robinson and Theodore H. Lord, of counsel), for plaintiff.

Henry C. Hunter (Hamilton Anderson, of counsel), for defendant.

CROPSEY, J. The question involved is the effect of the amendments of 1917 to sections 24, subdivision 3, and 256, subdivision 3, of the United States Judicial Code.

The deceased met his death while working on a vessel. His administratrix brings this action against his employer, alleging a common-law liability. The defendant claims that such an action does not lie, at least not in the absence of a claim that the defendant

failed to provide insurance under the Workmen's Compensation Law. It seems plain, and in fact it is not disputed, that the legislature intended to include such occupation as the deceased's within the purview of that law. § 2, groups 8, 9, and § 3, subds. 1, 4. The language used covers such an employment without question. But the United States Supreme Court has held that under the acts of Congress as they then existed this act was invalid in so far as it applied to maritime torts. *Southern Pacific Co.* v. *Jensen,* 244 U. S. 205. From this it followed that inasmuch as a workman employed on vessels was not entitled to benefits under the Workmen's Compensation Law, his common-law remedies still continued. For, though section 11 of that law provides that the benefits specified in it measure the exclusive liability of an employer unless he fails to provide the insurance required, that applies only to occupations that come within the statute; and so when the act was held invalid as to maritime torts, that provision no longer applied to such cases.

Thereafter Congress adopted the amendments to the Judicial Code above stated. They were of the phrase, " saving to suitors in all cases the right of a common law remedy where the common law is competent to give it," by adding thereto the words, " and to claimants the rights and remedies under the workmen's compensation law of any state." What are the meaning and effect of these amendments? Are they constitutional?

The plaintiff claims that by these changes this plaintiff and all others similarly situated were given the election either of taking the benefits prescribed by a state workmen's compensation law, or of bringing a common-law action, or of proceeding in admiralty. But how can there be such an election?

If the Workmen's Compensation Law is applicable, then surely its provisions making its benefits the exclusive liability of the employer must be effective, and there can be no common-law liability. The state statute gives no election to the employee unless the employer has failed to furnish the required insurance (§§ 11, 52); and if he has so failed, then the employee may sue as if there was no statute. But if the employer has complied with the statute, there can be no election by the employee. He cannot then determine which remedy he will pursue. He must take the benefits provided by the statute. Furthermore, Congress could not broaden the effect of a state statute. No act of it could give an employee an election of remedies in the state court which was not given by the state statute. What then is the effect of the 1917 amendments?

They must have to do with the right to take proceedings in the United States courts, not in the state courts. The amendments, coming as they did after the *Jensen* decision, have an added significance. In that case the attempt was made to hold the employer liable under the Workmen's Compensation Law, and it was upon the employer's appeal that the United States Supreme Court rendered its decision, holding that the state statute did not apply to maritime workers. The amendments evidently were intended to overcome the effects of that decision by making state statutes, which in terms covered such workers, valid and enforceable by maritime workers as well as by others.

Even had a different conclusion been reached, the fact that the United States District Court has construed these amendments and has held that they did away with any right to sue in admiralty and hence necessarily made valid the provisions of the state

statute should be given controlling weight. *The Steam Lighter Howell,* U. S. Dist. Ct., Southern District of N. Y., March 6, 1919, Learned Hand, D. J., N. Y. L. J., May 7, 1919. The constitutionality of the amendments was also passed upon and upheld in the same case. These views are not in harmony with the decisions in *Dziengelewsky* v. *Turner & Blanchard, Inc.,* 107 Misc. Rep. 45, and *Simpson* v. *Atlantic Coast Shipping Co.,* Delehanty, J., 176 N. Y. Supp. 731, but at the time they were rendered the District Court case had not been reported.

Both sides seek a decision on the principal question that has been discussed and not on the question of pleading. It is understood that there is no question that the defendant had complied with the statute. But if there were that question, the omission to allege such a failure in the complaint makes it defective. If the plaintiff would succeed at common law, the complaint showing as it does that the deceased's employment brought him within the Workmen's Compensation Law, must further show the defendant's failure to comply with the statute; otherwise the exclusive liability provision would prevent recovery and so render the complaint deficient.

The dismissal of the complaint was proper and the motion for a new trial must be denied.

Ordered accordingly.