Josephine Basso and Morris Ruffino, as Administrators of the Goods, Chattels and Credits Which Were of Salvatore Basso, Deceased, Plaintiffs, v. John T. Clark & Son, Inc., Defendant.

(Supreme Court, Kings Special Term, July, 1919.)

Code Civ. Pro. § 1902 — action for causing death by negligence — when motion for judgment on the pleadings denied — Workmen's Compensation Law, § 11.

Section 1902 of the Code of Civil Procedure is still in force notwithstanding the Workmen's Compensation Law and is applicable to all cases not included within the scope of said law.

The rights enforceable under said section 1902 of the Code of Civil Procedure are curtailed by the Workmen's Compensation Law, section 11 of which in effect takes out of the operation of said section 1902 the right to enforce liability in certain cases embraced within the terms and conditions of the Compensation Law and engrafts a limitation upon the liability enforceable under said section 1902.

If section 11 of the Compensation Law, which provides that liability in death cases shall be exclusive of all other rights and remedies for injuries to employees or for death resulting from such injuries, may be considered as a proviso, the plaintiffs in an action under said section 1902 for damages for causing the death of their intestate by wrongful act while he was engaged in work of a maritime character, upon making out a *prima facie* case were not bound to negative section 11 of the Workmen's Compensation Law, and defendant's motion for judgment on the pleadings will be denied though its answer contains denials.

Motion for judgment on the pleadings.

Russell & McGoldrick, for plaintiffs.

Nadal, Jones & Mowton, for defendant.

BENEDICT, J. Administrators sue defendant under section 1902 of the Civil Code for damages for negligently causing the death of Salvatore Basso, their intestate. At common law an action for negligently causing personal injuries abated upon the death of the person injured. Neither the right to bring such an action as the present nor the remedy afforded by our Code provision existed at common law. The present action is purely statutory. *McKay* v. *Syracuse R. T. R. Co.* 208 N. Y. 359. Statutes conferring the right to maintain actions for damages in death cases are within the legitimate scope of state legislation. Such enactments are upheld although relating to or affecting incidentally matters which are maritime in character. Legislation of this nature, essentially local and operating *in personam,* does not effect an unauthorized change or modification in the general maritime law, nor does it contravene the provision of the Federal Constitution extending the judicial power of the United States " to all cases of admiralty and maritime jurisdiction," nor the acts of Congress saving to suitors the right of a common-law remedy. In fact, it has been expressly held that state legislation similar to our Code provision is a " general law of personal rights, not specially directed to commerce or navigation, but applying alike on sea and shore; " and such a statute does not contravene or interfere with the " proper harmony and uniformity " of the maritime law in its international or interstate relations. The question has been considered in the following cases: *City of Norwalk,* 55 Fed. Repr. 98, 106, 108; *Southern Pac. Co.* v. *Jensen,* 244 U. S. 205, 216, citing *The City of Norwalk; The Hamilton,* 207 id. 398, 403; *The Lottawanna,* 21 Wall. 558, 579, 580.

It seems to me, therefore, that the question of the right of a litigant to elect between the benefits of the Workmen's Compensation Law of New York, a suit

in admiralty or an action at common law, discussed by counsel for the defendant and in the cases cited by him, is not germane to any question presented on this motion.

The right to elect to proceed in admiralty is not involved because the plaintiffs have not so attempted. The right to elect between the Compensation Law and an action at common law is not presented because the plaintiffs have neither a right nor a remedy enforceable at common law. The action which they have attempted to bring is purely statutory, and the sole question in this respect is, therefore, whether they may elect between the Compensation Law and an action in the courts under the Code provisions. I think the question must be answered in the negative.

Since, as already shown, a statute authorizing an action for negligence in causing death, even though the deceased was engaged at the time in work of a maritime character, does not offend against the Federal Constitution or any act of Congress, nor contravene any essential feature of the harmony and uniformity sought to be preserved in the administration of the maritime law, it follows that the action so authorized by such a statute stands in the same category and is affected by the Workmen's Compensation Law equally and in like degree as any other action authorized by local statute or sanctioned by the common law as applied in this state.

The state Constitution (Art. I, § 19) authorizes the legislature to enact workmen's compensation laws and confers upon it in this respect plenary powers. The legislature may provide that such compensation and the remedy therefor "shall be exclusive of all other rights and remedies for injuries to employees or for death resulting from such injuries," etc. Pursuant to such constitutional authorization, the legislature has provided in section 10 of the Compensation

Law for liability in death cases and in section 11 has enacted that such liability shall be *exclusive,* except that in case the employer fails to comply with the provision of section 50 an action may be brought in the courts at the election of the injured party. It follows that if the defendant has complied with the provisions of the Compensation Law the benefits of that law are exclusive and hence that the present action may not be maintained. *Shanahan* v. *Monarch Engineering Co.,* 219 N. Y. 469.

The question still remains whether the plaintiffs must affirmatively allege a failure by the defendant to secure the payment of compensation, as required by section 50 of the Compensation Law, and their consequent election to sue in the courts, or whether this is matter to be pleaded by way of defense. The following cases seem to hold that the burden of pleading in this respect is upon the plaintiff: *Nulle* v. *Hardman, Peck & Co.,* 185 App. Div. 351; *Shinnick* v. *Clover Farms Co.,* 169 id. 236; *Ruddy* v. *Morse Dry Dock & Repair Co.,* 107 Misc. Rep. 199.

Notwithstanding these decisions it seems to me that the question is still arguable.

In the *Shanahan Case, supra,* the complaint set forth a cause of action under Code section 1902, but did not allege the failure of the defendant to secure compensation as required by the Compensation Law. The answer set up as a separate defense the Compensation Law; that such law provided that the employer upon securing the payment and compensation as therein provided should be relieved from all liability, etc.; that the occupation in which plaintiff's intestate was employed at the time of the injuries was within the protection of the Compensation Law, and that the defendant had secured the payment of such compen-

6

sation as required by that law. The plaintiff demurred to this defense and the question certified to the Court of Appeals was " Should the demurrer to the *second defense* in the answer be sustained? " The question so certified was answered in the negative.

This seems to me to be a decision to the effect that pleading *compliance* by the defendant with the Compensation Law is a *good defense* to an action under section 1902 of the Code. Therefore, how can it be said that pleading *non-compliance* with that law is an essential element of the cause of action? If the complaint in the *Shanahan* case was defective for failure to allege *non-compliance* by the defendant with the Compensation Law, it seems to me that the Court of Appeals would have so indicated. It is difficult to conceive that the Court of Appeals decided that *compliance* with the statute was a *good defense* to a complaint bad for failure to allege *non-compliance* with the same statute. See, also, *Schattner* v. *American Tobacco Co.*, 100 Misc. Rep. 261.

Besides, it has never been contended, so far as I am aware, that the Compensation Law either expressly or impliedly repeals section 1902 of the Civil Code. That statute still remains in force and is applicable to all cases not included within the scope of the Compensation Law; and in the *Shanahan* case the court states that if the employer fails to comply with the statute " he is subject to such an action as the present one as a penalty;" and the court has already characterized that section as one brought under section 1902 of the Code. What relation, then, does section 11 of the Compensation Law bear to section 1902 of the Code? What effect does it have upon the Code provision?

Section 11 in effect takes out of the operation of section 1902 of the Code the right to enforce liability

in certain cases embraced within the terms and conditions of the Compensation Law. It engrafts a limitation upon the liability enforceable under that section. In this respect it may be contended, I think, with some plausibility that section 11 operates as, and performs the functions of, *a proviso*. It is a subsequent enactment and it curtails the rights enforceable under a prior statute. If this section may be considered as a proviso, then the plaintiffs made out a *prima facie* case when they stated a cause of action under section 1902 of the Code. They were not bound to negative section 11 of the subsequent act. See *Rowell* v. *Janvrin,* 151 N. Y. 60, 67, 68.

I think this motion may be entertained notwithstanding that an answer containing denials has been interposed. See the following cases: *Longenecker* v. *Longenecker,* 140 N. Y. Supp. 403; *Guggenheim* v. *Guggenheim,* 159 id. 333; *Spielberg* v. *Canada S. S. Lines,* 98 Misc. Rep. 304; *Schleissner* v. *Goldsticker,* 135 App. Div. 455; *Olsen* v. *Singer Mfg. Co.,* 143 id. 142; *O'Rourke* v. *Patterson,* 157 id. 284; *Field* v. *Empire Case Goods Co.,* 179 id. 253, 255.

It was held in *Nilsen* v. *American Bridge Co.,* 221 N. Y. 12, that in a common law action where it does not appear from the complaint that plaintiff was engaged in an employment classed as hazardous in the Workmen's Compensation Law the question was not presented whether the plaintiff, by reason of said law, is barred from the right to recover; and that, therefore, a demurrer to the complaint cannot be sustained upon the ground that the complaint failed to state facts constituting a cause of action, merely because the remedy provided in the Compensation Law is exclusive. By analogy this reasoning seems to be applicable to the present case.

Supreme Court, July, 1919. [Vol. 108.

The defendant's motion for judgment on the pleading should, I think, upon these considerations be denied. Ten dollars costs of motion.

Motion denied, with ten dollars costs.