EDWARD MORRIS, Plaintiff, v. EDWARD   H. MULDOON,
Defendant.

(Supreme Court, New York Special Term, July, 1919.)

Pleading — in action to recover for personal injuries — negligence
— answer — reply — Workmen's Compensation Law, § 51 —
Code Civ. Pro. § 538.

In an employee's common-law action to recover for per-
sonal injuries, the answer denied the allegations of defendant's
negligence, and for a further and separate defense pleaded, in
bar of a recovery, that prior to the accident the defendant
had fully complied with the Workmen's Compensation Law
by securing compensation to employees and their dependents
and in conformity to said statute had theretofore maintained
and posted printed notices regarding such compensation. The
plaintiff, in the same paragraph of his reply which denied
the allegation of the answer as to maintaining and posting
said notices, denied having any knowledge or information
sufficient to form a belief as to defendant conforming to the
requirements of the statute but pleaded that said allegation
was immaterial, incompetent and irrelevant to plaintiff's cause
of action. *Held*, that the reply put in issue the maintenance
and posting of notices regarding compensation in conformity
with section 51 of the Workmen's Compensation Law.

Even if the allegation of the answer as to compliance with
the provisions of the Workmen's Compensation Law had been
met only with a denial in the reply of knowledge or informa-
tion respecting the same, and assuming that all the facts
relating to such alleged compliance are matters of public record,
the proper method of testing the alleged defect was by a
motion under section 538 of the Code of Civil Procedure to
strike out the reply, not by a motion for judgment on the
pleadings under section 547 of the Code of Civil Procedure.

The facts pleaded in the complaint considered, and held not
to bring the case within the Workmen's Compensation Law as
it was in force at the time when the accident happened, and
that plaintiff was not barred from maintaining the present
action.

Supreme Court, July, 1919.      [Vol. 108.

MOTION for judgment on the pleadings.

Nadal, Jones & Mowton (Edwin A. James, of counsel), for motion.

George B. Class, opposed.

GIEGERICH, J. The defendant moves for judgment on the pleadings, consisting of the complaint, answer and reply in a common-law action brought by the plaintiff to recover damages for personal injuries sustained on June 30, 1915. The complaint alleges, among other things, that at the time above mentioned the defendant was "engaged in the business of a mason and builder, putting down concrete sidewalks, &c., with a principal office for the transaction of business at No. 985 Sixth avenue, in the Borough of Manhattan, New York City, New York," and the plaintiff was in the employ of the defendant as a common laborer, and was working at No. 7 Division street, borough of Manhattan, New York city; that in the process of the work performed by the plaintiff the defendant employed no superintendent, foreman or overseer, but personally superintended and directed all of the work; that he was personally directed by the defendant to dig a trench four feet square and ten feet deep in the rear of No. 7 Division street, at the corner of the extension to No. 5 Division street, and in such a manner that the trench would occupy twenty inches under the foundation supporting the said corner; that the trench was dug to enable the defendant to build under said corner a supporting pier or column of masonry which, with other piers similarly constructed at intervals along said wall, would serve as sufficient support during the process of excavation beside said wall to a depth lower than said wall; that

prior to the digging of the trench by the plaintiff the defendant had personally directed the shoring up of said wall by means of the insertion of the upper part of a foot square wooden beam into a hole in the wall of No. 7 Division street at a point nine feet above the level of the ground, and directly above the place where the plaintiff was directed to dig the trench, the other end of the beam resting in the ground; that the defendant furnished no material for supporting the part of said wall, or for shoring or for sheathing and jackscrewing the walls of the trench or for any other purpose; that the plaintiff never before had dug any trenches, and was wholly ignorant of the manner in which the walls should be shored up or otherwise supported during the process of excavations thereunder; that when the defendant directed the plaintiff to dig the trench no word of warning or of instruction was given him concerning any possible danger involved; that while in the act of carefully digging at the bottom of such trench, and when he had dug to a depth of nine feet, without any warning the brick and stone foundation of No. 5 Division street, above the plaintiff, from a point below the place of support, fell upon the plaintiff in the trench below, carrying the earth from the sides of the trench with it, and that by reason of the accident he sustained the injuries set forth and for which he seeks damages in this action. The answer puts in issue the allegations of negligence on the part of the defendant, and for a further and separate defense pleads in bar to a recovery herein that prior to the accident he had fully and completely complied with the Workmen's Compensation Law by securing compensation to employees and their dependents, and furthermore, that he had theretofore maintained and posted printed notices regarding compensation, in conformity with

the provisions of the said law. The plaintiff by his reply, in the 2d paragraph thereof, denies, among other things, the allegations of the answer as to maintaining and posting of printed notices regarding compensation, and then, in the same paragraph, denies having any knowledge or information sufficient to form a belief as to defendant conforming to the requirements of the said law, but pleads the immateriality, the incompetence and the irrelevancy of such an averment as related to the plaintiff's pleaded cause of action at common law for the reasons stated in such paragraphs of the reply. The reply, by conclusion, by the 3d paragraph, denies each and every allegation contained in paragraph numbered " sixth " of the separate defense set up in the answer. The defendant insists that the denial by the plaintiff in his reply of any knowledge or information sufficient to form a belief as to defendant's compliance with the provisions of the said law cannot be considered as a denial at all. A sufficient answer to such point is that there is a positive denial in the 3d paragraph of the reply of the allegations contained in the 6th paragraph of the answer that the defendant had at the times mentioned duly and fully complied with all the provisions of the said law for the securing and paying of compensation to any injured employee of the defendant, which is practically the same allegation as set forth in the 5th paragraph of the answer upon that subject. It should be noted that the paragraphs of the answer above mentioned, viz., the 5th and 6th, are part of and are included in the second separate defense. I am assuming that the allegations of the answer respecting the defendant's alleged compliance with the provisions of the law above mentioned include the maintenance and posting of notices regarding compensation pursuant to section 51 thereof.

If it does, then the positive denial in the 3d paragraph of the reply of all allegations contained in the 6th paragraph, which includes an allegation of the defendant's compliance with said law, fully covers that subject, but if it does not, then it is covered by the 2d paragraph of the reply, in which the plaintiff, in reply to paragraph numbered "fifth" in defendant's second separate defense, denies each and every allegation thereof, except that he admits that the injuries sustained did not arise from any willful intention to bring them about, and did not result from plaintiff's intoxication. In either event, therefore, the reply puts in issue the maintenance and posting of notices regarding compensation in conformity with section 51 of said law. Even if the allegations of the answer as to compliance with the provisions of the Workmen's Compensation Law had been met only with a denial in the reply of knowledge or information respecting the same, and assuming, as claimed by the defendant, that all the facts relating to such alleged compliance are matters of public record, open to everybody, a motion to strike out the reply under section 538 of the Code of Civil Procedure is the proper method of testing an alleged defect of that description rather than a motion for judgment on the pleadings under section 547. *Harley* v. *Plant*, 210 N. Y. 405. So far as the present motion is concerned, therefore, the averment contained in the separate defenses that the defendant had complied with said law and had maintained and posted printed notices regarding compensation in accordance with its provisions, are put in issue by the reply. In this situation, the issues so raised have to be disposed of upon the trial and cannot be summarily disposed of on a motion for judgment on the pleading. *Emanuel* v. *Walter*, 138 App. Div. 818; *Simon* v. *Bierbauer*, 154

*id.* 506; *Partenfelder* v. *People,* 157 *id.* 462; affd., 211 N. Y. 355; *Guggenheim* v. *Guggenheim,* 95 Misc. Rep. 332; *Wilson & Co.* v. *Hartford Fire Ins. Co.,* N. Y. L. J. June 4, 1919. The defendant, notwithstanding that the allegations of the separate defenses are put in issue, insists that the plaintiff must allege affirmatively in the complaint the failure of the defendant to secure the payment of compensation for his injured employees and their dependents as provided by section 50 of the Workmen's Compensation Law. It was held by the Appellate Division of this department in *Nulle* v. *Hardman, Peck & Co.,* 185 App. Div. 351, that where it appeared from the allegations of the complaint that the case came within the provisions of the Workmen's Compensation Law and a recovery outside of its provisions was sought, and there was no allegation of facts showing that the employer had failed to secure compensation, as provided in the said law, the complaint was demurrable. Judge Benedict very recently reached a different conclusion in *Basso* v. *Clark & Son, Inc.,* 108 Misc. Rep. 78. In the *Nulle* case it clearly appeared from the allegations of the complaint that the deceased was employed in a hazardous employment within the meaning of the Workmen's Compensation Law, and that the defendant was engaged in a hazardous employment under the terms of certain provisions of such law. That case, therefore, came within the statute, and the court pointed out that the remedy provided under the act is exclusive where it applies, citing *Shanahan* v. *Monarch Engineering Co.,* 219 N. Y. 468, and that the only exception to this rule would be in case the employer had failed to secure compensation for his injured employees and their dependents as provided in the act, but that this was for the plaintiff to plead, if he seeks a recovery outside the act. This leads to the

consideration of the question whether this case comes within the statute. As already stated, the accident occurred in June, 1915, and it must therefore be decided upon the law as it was in force at that time and irrespective of any amendments thereof which have been made since then. At the time this case arose the Workmen's Compensation Law (Cons. Laws, chap. 67, § 3) contained, among others, the following definitions, viz.: " ' Employer,' except when otherwise expressly stated, means a person, partnership, association, corporation, and the legal representatives of a deceased employer, or the receiver or trustee of a person, partnership, association or corporation, employing workmen in hazardous employments including the state and a municipal corporation or other political subdivision thereof." Subd. 3. " ' Employee ' means a person engaged * * * in the service of an employer * * * carrying on or conducting a hazardous employment upon the premises or at the plant, or in the course of his employment away from the plant of his employer; and shall not include farm laborers or domestic servants." Subd. 4. " ' Employment ' includes employment only in a trade, business or occupation carried on by the employer for pecuniary gain." Subd. 5. " ' Injury ' and ' personal injury ' mean only accidental injuries arising out of and in the course of employment and such disease or infection as may naturally and unavoidably result therefrom." Subd. 7. Subdivision 4 was amended by Laws of 1916, chapter 622, section 2, as hereinafter stated. Subdivision 5 was amended in certain respects by Laws of 1916, chapter 622, section 2, and by Laws of 1917, chapter 705, section 2, but as such amendments are unrelated to any of the questions arising upon this motion, it is not deemed necessary to make any statement of them. The court in *Matter of Dose* v. *Moehle*

*Lithographic Co.,* 221 N. Y. 401, 405, speaking of sub-division 4 and the amendment thereof, said: " * * * it is obvious from a comparison of the earlier law with the amended statute, that under the statute before the amendment an employee to be entitled to an award must have been engaged in a hazardous employment in the service of an employer conducting a hazardous employment. Such was the construction of the law in the *Bargey* case." 218 N. Y. 410. " The amendment of 1916 was intended to and does embrace an additional class of employees, viz., those in the service of an employer carrying on a hazardous employment, even though such employee is not actually engaged in a hazardous employment." In *Matter of Daly* v. *Bates & Roberts,* 224 N. Y. 126, 127, the court adopted and followed a previous construction given to sub-division 7 of said section 3 in an earlier case in these words: " In *Matter of Heitz* v. *Ruppert* (218 N. Y. 148, 151) we sought to establish general principles applicable to a construction of subdivision 7 of section 3 of the Workmen's Compensation Law, a recitation of which will bear repetition here: ' the statute does not provide an insurance against every accident happening to the workman while he is engaged in the employment. The words ' arising out of and in the course of employment ' are conjunctive, and relief can be had under the act only when the accident arose both ' out of ' and ' in the course of ' employment. The injury must be received (1) while the workman is doing the duty he is employed to perform, and also (2) as a natural incident of the work. It must be one of the risks connected with the employment, flowing therefrom as a natural consequence and directly connected with the work.' " It will be seen from the foregoing statutory provisions and the decisions rendered thereunder that to bring the case within the

Workmen's Compensation Law, as it stood when the accident happened and which, as seen, was before the amendment of the statute in 1916, four things were necessary: 1. That the employer, at the time the employee was injured, be conducting a hazardous employment. Under the state of facts alleged in the complaint there can be no question but that the defendant was, at the time when the accident happened, conducting a hazardous employment within the meaning of the Workmen's Compensation Law (§ 3, subd. 1), being embraced in group 42 as defined in section 2 thereof, as it stood when the plaintiff was injured, " mason work " and " concrete work " being specified in that group. 2. That the employee be injured while engaged in one of the hazardous employments enumerated in the different groups of section 2 of said law. The plaintiff was doing excavation work when he was injured, which kind of employment comes under group 13 of section 2, as it stood at that time. In order to bring the work the employee was doing at the time the accident happened within his regular employment it must appear under the rule laid down in the *Daly* case that he was doing the work he was employed to perform and that it was a natural incident of such work. It is therefore necessary to show (3) that the employee was at the time he was injured employed to do work in the line of the employer's regular business which, as seen, was that of mason and builder, laying of concrete sidewalks. The complaint in the present case contains no such allegation, nor does it show what the plaintiff's regular employment was. An answer to this (third) proposition is necessary in order to determine, in the absence of other facts, whether or not the work the plaintiff was performing when the accident happened was fairly within the line of the defendant's regular

business or as a natural incident thereto. As above shown, the statute does not apply unless the accident arose both out of and in the course of employment. The term '' employment '' as used in the statute, denotes, as above stated, employment only in a trade, business or occupation carried on by the employer, which, of course, means his regular line of business conducted by him and in the course of which the employee is injured. *Matter of Bargey* v. *Massaro Macaroni Co.,* 218 N. Y. 410. The next and remaining prerequisite is (4) that the employee at the time of the injury must be engaged in the regular work he was employed to do. As already stated, the complaint does not show whether or not the plaintiff was employed to do work in the line of the defendant's business. Not only is there no such allegation, but the contrary appears from the allegations of the complaint. Instead of being engaged in mason or concrete work he was in fact engaged at the time of the accident in excavating work under a foundation wall, which kind of work cannot by fair intendment be deemed any part of mason or concrete work, still less the laying down of concrete sidewalks. The distinction between the kind of work the plaintiff was doing when injured and the kind of work which constituted the defendant's regular line of business is emphasized by the classification of the former, namely, '' excavation,'' in a different group (13) from the latter (42) in section 2 of said law. The words of the Court of Appeals in the *Bargey Case, supra,* fit the present situation. There the defendant's business was the manufacturing of macaroni, which was named as a hazardous employment in group 33 of the act. The workman was injured while engaged in placing a partition in one portion of the building, in another portion of which the defendant carried on

Misc.]          Supreme Court, July, 1919.

its business. The Appellate Division and also the Court of Appeals held that the case was not within the act. At page 413 the Court of Appeals said: " The appellant invokes also the part of the language creating group 42 as follows: ' construction, repair and demolition of buildings.' It is answered by the fact that the company did not carry on the occupation of constructing, repairing and demolishing buildings for pecuniary gain. This conclusion is obvious beyond the need of discussion." The complaint must be taken as fixing the status of the parties (see *Nulle* v. *Hardman, Peck & Co., supra*), and taking this as controlling, it is manifest that none of the essential features to bring the case within the statute have been shown in the present case. It is true that the defendant was, at the time of the accident, carrying on a hazardous piece of work, but not as a part of his regular business or employment, to use the statutory word, but rather as an exceptional and casual enterprise, not even having any apparent relation to his business. In fact, it affirmatively appears that the premises where the work was being done were not the premises where the defendant had his principal office. In this situation it is plain that the facts pleaded in the complaint do not bring the case within the statute as it was in force at the time when the accident happened and consequently that the plaintiff is not barred from maintaining the present common-law action, the complaint in which, to my mind, states a good cause of action. The case of *Matter of Larsen* v. *Paine Drug Co.*, 218 N. Y. 252, cited by the defendant, is not in conflict with the views above expressed. There the employee was killed while engaged in work fairly incidental to the prosecution of the business of the employer and appropriate in carrying it forward and providing for its needs,

while here, so far from that appearing to be the fact, so far as the complaint shows anything on the point, it indicates the contrary. Neither is *Matter of Mc-Nally* v. *Diamond Mills Paper Co.,* 223 N. Y. 83, in point, because the work the employee was there doing when injured was fairly incidental to his work in the line of the employer's regular business, which fact, as already stated, does not appear in the case at bar. Inasmuch as the present case does not appear by the complaint to come within the statute, it was not necessary for the plaintiff, in order to maintain this action, to allege affirmatively in his complaint that the defendant has failed to secure payment of compensation for his injured employees and their dependents. This is only required where it is sought to bring a case covered by the statute within the above mentioned exception to the rule. See the *Nulle Case, supra.* It is only where a plaintiff has pleaded his case within the statute that he has to go further and plead it out of the statute again. Such was the decision in *Nilsen* v. *American Bridge Co.,* 221 N. Y. 12, where the action was brought to recover damages for injuries received while the plaintiff was performing his duties as an employee of the defendant. The complaint alleged a cause of action for negligence at common law, but did not allege or disclose that the plaintiff was engaged as an employee in a hazardous employment at the time the injury was sustained, nor whether the parties were subject to the provisions of the Compensation Law, and it was held that the question whether or not the plaintiff by reason of said law was barred from the right to recover was not presented, and that therefore a demurrer to the complaint for insufficiency could not be sustained upon the ground that the complaint failed to state facts constituting a cause of action, merely because the

recovery provided in the Compensation Law is exclusive. If I am right in the view above expressed that the complaint here does not show the case to be within the statute, then the decision just cited is conclusive in favor of the plaintiff. The briefs on both sides proceed on the theory that the case falls wholly within or wholly without the Workmen's Compensation Law. The injuries alleged are many and various, covering almost the plaintiff's entire body from head to foot. Among the injuries so alleged are a shock to his sympathetic nervous system, contusions over his entire body, accompanied with severe pain, the crushing of his right foot, the loss of the sense of feeling in two of the toes, a burning sensation in the top of the foot, permanent injury to the spine, the displacement of the upper three segments of the coccyx, from which he suffers incessant pain, hernia in the right inguinal region; severe bruises to his head, loosening of the teeth, with consequent aching to the preclusion of normal sleep, deep cut on the back of his neck, the formation of a lump on the lower right ribs toward the back, which occasioned severe pain on his coughing or breathing, permanent injury to the left sacro iliac articulation and to the bone tissue in that region. It seems to me that, quite apart from the grounds above stated, there may well be a question whether some of the injuries alleged are not of such a character that they could not under any circumstances fall within the Workmen's Compensation Act. Under the decision made in *Wagner* v. *American Bridge Co.*, 172 App. Div. 876, it would seem that such of the injuries as impair the plaintiff's industrial efficiency and consequently reduce his earning capacity are provided for in the last clause of subdivision 3 of section 15 of article 2 of the Compensation Act, beginning with the words " other cases." But conceding

Supreme Court, July, 1919. [Vol. 108.

that some of the plaintiff's injuries, such as his spinal injury and his hernia, are such as impair his earning power and consequently are embraced in the act, and so are injuries that he cannot recover for in a common-law action, the question nevertheless remains whether his other injuries, such as pain and suffering and loss of sleep, which do not seem to have any necessary or even apparent connection with his earning power as a common laborer, are not wholly outside the Compensation Act and consequently injuries for which he is entitled to recover in a common-law action. Inasmuch, however, as this question has not been discussed or suggested in the briefs, and inasmuch as a decision on this point in favor of the plaintiff would lead to the same result as I have reached on the grounds above discussed, I will not give any further consideration to it. My conclusion is that the motion should be denied, with ten dollars costs.

Motion denied, with ten dollars costs.