SALVATORE CAMPOCCIA, Plaintiff, *v.* PANAMA RAILROAD COMPANY and JOHN T. CLARK & SON, Defendants.

(Supreme Court, New York Special Term, January, 1920.)

Workmen's Compensation Law, group 10, § 2, art. 2 — pleading — statutes — when defendant's motion for judgment on the pleadings granted — Workmen's Compensation Law, § 11.

Where plaintiff alleges that he was injured while in defendant's employ as a longshoreman he places himself within group 10, section 2 of article 2 of the Workmen's Compensa-

tion Law, and his remedy is exclusively under section 11 of that law, unless he can show that his employer has failed to secure payment of compensation to plaintiff and his dependents as provided by the statute.

Where the complaint did not allege that the defendant employer had failed to secure the payment of compensation to plaintiff as provided by the statute, defendant's motion for judgment on the pleadings will be granted with leave to serve an amended complaint.

MOTION for judgment on the pleadings.

Alexander Karlin, for plaintiff.

Nadal, Jones & Mowton (Edwin A. Jones, of counsel), for defendant Clark & Son.

DAVIS, J.　The defendant John T. Clark & Son makes this motion for judgment on the pleadings.　The action is for damages for personal injuries suffered by plaintiff while in the employ of John T. Clark & Son, as a longshoreman, unloading the steamship *Panama* on the 11th of February, 1918.　The complaint so alleges. The complaint does not allege that the employer has failed to secure the payment of compensation to the plaintiff.　Having alleged that he was injured while he was engaged in longshore work, the plaintiff places himself within the Workmen's Compensation Law, group 10, section 2 of article 2.　He was injured while engaged in a hazardous employment, and his remedy is exclusively under that law, unless he can show that the defendant employer has failed to secure payment of compensation for him and his dependents, as provided in the Compensation Law.　This failure to secure compensation is an essential part of his cause of action and must be pleaded.　The failure so to plead requires the granting of this motion.　*Nulle* v. *Hardman, Peck & Co.,* 185 App. Div. 351.　Plaintiff's remedy is exclusively under the Workmen's Compensation Law,

section 11, article 2. *Nilsen* v. *American Bridge Co.,* 221 N. Y. 12, cited by plaintiff, is not in point, as the complaint in that case does not allege that plaintiff was engaged as an employee in a hazardous employment at the time the injury was sustained. Motion granted, with leave to the plaintiff to serve an amended complaint within ten days after service of notice of entry of an order hereon; ten dollars costs.

Motion granted, with ten dollars costs.