IMMACULATE VARRICHIO, Plaintiff, *v.* G. PHILLIP SCHMITT, Defendant.

Supreme Court, Special Term, Bronx County, August 3, 1945.

*T. Carlyle Jones* and *Daniel Miner* for defendant.

*Grant & Wefer* for plaintiff.

EDER, J. Motion granted. It does not affirmatively appear from the complaint that the defendant elected to be excluded from the coverage provided for by the Workmen's Compensation Law; if he made such an election the complaint must so allege (*Nulle* v. *Hardman, Peck & Co.*, 185 App. Div. 351). The plaintiff's employer is presumed to have complied with said law and has secured compensation benefits to its employees. The plaintiff proceeds on the premise that defendant was an executive officer of the plaintiff's corporate employer and is not an employee and hence does not come within the provisions of said law, citing various cases holding an executive officer

is not an employee within the meaning of the act, but they are, however, without application, having been decided prior to the enactment of chapter 106 of the Laws of 1937, section 1 thereof expressly providing that " Every executive officer of a corporation shall be deemed to be included in the compensation insurance contract or covered under a certificate of self-insurance unless he elects to be excluded from the coverage of this chapter. * * * The officers so insured shall have the same rights and remedies as any employee, but any executive officer who files an election not to be included under this chapter shall be deemed not to be an employee within the intent of this chapter." (Workmen's Compensation Law, § 54, subd. 6). The complaint is defective for the reason stated. Leave to serve an amended complaint is given, the same to be served within twenty days after service of a copy of the order hereon. Order signed.