## SUPREME COURT.

CATHERINE REID, appellant agt. THE EVERGREENS and
SAMUEL E. JOHNSON, respondents.

Section 119 of the Code, prescribing that "one or more may sue or defend for the benefit of the whole," does not apply to a case where the right to assert or protect which the suit is brought, is not one which exists against them all, or the obligation which it is sought to enforce is not common to all.

For instance, where from the complaint it was apparent that there were several kinds or classes of bonds issued by the corporation defendant, and that these bonds were held by persons who had received them for different considerations and under various circumstances, and alleged that in respect to the sole defend-

ant, prosecuted with the corporation, that "he is probably the largest holder of such bonds as are without consideration, or otherwise invalid, and that he is made a party as representing that class of persons,"

*Held*, on demurrer, that these various bond holders could not be bound by a judgment to which they were not parties, merely because the person who was made a defendant was a holder of bonds, which were invalid for some of the various causes affecting them to a greater or less extent.

*Dutchess General Term, July*, 1861.
EMOTT, BROWN and SCRUGHAM, *Justices*.
DEMURRER to complaint.

J. L. CAMPBELL, *for appellant*.
DAN MARVIN, *for respondents*.

By the court, EMOTT, Justice.   The complaint in this action asks for a receiver of the property of the corporation, which is sued, without asking for its dissolution, and for an injunction against its trustees, without making them parties, or even stating who they are.   Samuel E. Johnson is made a defendant, with the general and vague statement that he is a large, and probably the largest, holder of such bonds " of the corporation as are invalid, and to represent that class of persons."   The action is brought not to obtain specific relief against any securities in his hands, but in order to have a determination against or among all the bond holders, which bonds of the cemetery are valid, and which invalid; what priority (if any) exists among such bonds, and what are the rights of the bond holders among themselves.

The suit is defective and the complaint demurrable for any of these purposes.   There is not enough stated to call for the dissolution of the corporation, and to a suit seeking to remove the present trustees, they should have been parties.   This part of the case has been before us on the motion for a receiver, and it is not necessary to discuss it here at any length.

It is supposed by the plaintiff's counsel that § 119 of the Code of Procedure authorizes him in such a case as this to

Reid agt. The Evergreens.

make Samuel E. Johnson a representative defendant, and to obtain a judgment which would bind with him all the holders of the bonds which are questioned. It is not very easy to say what was supposed or intended to be the scope or meaning of the portions of the section which is referred to. It is very doubtful whether, as using the phraseology, " one or more may sue or defend for the benefit of the whole," the framers of the Code intended to say may sue or *be sued in behalf* of the whole. It is, probably, not very important to speculate upon the subject. If this was their intention they simply enacted what was already a rule of equity in the confused phraseology, which is characteristic of modern codification. If otherwise, the rule still exists, notwithstanding the Code.

But that rule will not save this complaint. There are cases in which, in consequence of the great number of parties concerned, it would be impracticable to bring them all before the court, and in order to prevent a failure of justice, the necessity of making the suit absolutely complete, in respect to parties, is dispensed with, provided so many are brought in, that it can justly be said that they will fairly and honestly try the legal right and represent all parties interested. ( *Story's Eq. Pl.*, § 123 ; *Adair* agt. *New River Co.*, 11 *Ves.*, 444.) But it will be found in all this class of cases that the right to assert or to protect which, the suit is brought, is one which exists against them all, or the obligation which it is sought to enforce, is common to them all. They may not be in privity with each other, but there is a general privity between the plaintiff and them, or right on the part of the plaintiff against them. ( *See* 1 *Turner & Russ.*, 299 ; 2 *Sim.*, 369.) In the present case the statements of the complaint are somewhat vague and indefinite, but it is apparent that there are several kinds or classes of bonds issued by this cemetery corporation, and that these bonds are held by persons who have received them for different considerations and under various circum-

stances.   The allegation in respect to the defendant John-
son is that he is " probably the largest holder of such bonds
as are without consideration, or otherwise invalid, and that
he is made a party as representing that class of persons," i. e.,
the class of persons holding bonds which are without con-
sideration, or otherwise invalid.   This classification would
include all the persons who hold bonds, to which there is
a good defence for any of the various reasons stated or
shadowed forth in the complaint.   Between these persons
there does not exist that community of right, or of obliga-
tion, or of interest, which will authorize the court to con-
sider them as a class which can be represented by one or
more individuals.   These various bond holders cannot be
bound by a judgment to which they are not parties, merely
because the person who is a defendant is a holder of bonds,
which are invalid for some of the various causes affecting
them to a greater or less extent.

The demurrers were properly sustained, and the judg-
ment is affirmed, with costs.