ing that the plaintiff be compelled to bring in a third party as defendant; and the court held that the section did not apply to a motion of that kind, and, accordingly, that it was proper to deny the same.    In Rosenberg v. Salomon, 144 N. Y. 92, 38 N. E. 982, two persons situated as these applicants are applied to be brought in to an action of replevin which had been commenced against the sheriff. The order was granted, and affirmed by the general term; and on the appeal to the court of appeals the point was made that the order was improper, under the decision in Chapman v. Forbes, supra, because under that decision the court had no power to grant relief.    What is said in that case as to the power of the court must be construed in view of the question which the court was examining; that is, whether the case of Chapman v. Forbes had decided that there was no power in the court to grant the relief asked for under this section. That was the only question presented in Rosenberg v. Salomon, and for that reason it is no authority in regard to the point now under consideration.    In the case of Bohnet v. City of New York, 150 N. Y. 279, 44 N. E. 949, a final order had been entered in a mandamus proceeding, and the application was to open the case and allow the applicant to come in.    Whether or not the final order should be opened to allow a person to come in who had made no application to the court during the pendency of the matter was clearly within the discretion of the court.    The court say, "Undoubtedly the supreme court had power to open the proceedings and allow the appellant to be brought in, but whether this power should be exercised rested in its discretion."    That case is no authority upon the point in question here.

The question presented in this case is not of itself, perhaps, of great importance; but it is of importance, as it seems to me, that any rule of construction of the Code which is established by a long series of decisions should not be overthrown unless it is made to appear that the construction heretofore given to it is unquestionably wrong.    If that construction is required by the language of the statute, but nevertheless produced inconvenience, the remedy is not with the courts, but with the legislature.

The order of the appellate term should be reversed, and the order of the general term of the city court should be affirmed, with costs in this court and the appellate term.    All concur.

---

(26 Civ. Proc. R. 226; 15 App. Div. 474.)

### HARTFORD NAT. BANK v. BEINECKE et al.

(Supreme Court, Appellate Division, First Department.    March 19, 1897.)

PLEADING—REPLY—NEW MATTER IN ANSWER.

    Plaintiffs will be required to reply to an answer which denies that the answering defendants were partners of the other defendants, as alleged in the complaint, and then alleges, as "new matter" (Code Civ. Proc. § 516), that the concern was a limited partnership; that the answering defendants were the special partners; that the obligation sued on was the act of the limited partnership; and that they had complied with the law relating to such partnerships.

    Van Brunt, P. J., dissenting.

Appeal from special term, New York county.

Action by the Hartford National Bank against Bernhard Beinecke and others. From an order denying a motion to require plaintiff to reply to new matter set up in the answer, defendants Beinecke and Hesdorfer appeal. Reversed.

Argued before VAN BRUNT, P. J., and RUMSEY, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Joseph Fettretch, for appellants.
Charles E. Rushmore, for respondent.

PATTERSON, J.    This is an appeal from an order denying a motion of the defendants Beinecke and Hesdorfer to compel the plaintiff to reply to new matter contained in their separate answer to the complaint herein. The action was brought against Emil Seidenburg, Joseph Seidenburg, Adolph Stiefel, Bernhard Beinecke, and Joseph Hesdorfer, and the allegation of the complaint is that the defendants were co-partners in trade under the firm name and style of E. Seidenburg, Stiefel & Co. The defendants Beinecke and Hesdorfer, in their answer, deny that they were, or either of them was, at any time a partner of the firm of E. Seidenburg, Stiefel & Co., mentioned in said complaint, except as thereafter stated in the answer; and then they proceed to set up that each of them was a member of a limited co-partnership, duly formed under the laws of the state of New York, wherein the defendants other than themselves were the general partners, and they the special partners, and they allege that the obligation sued upon in the complaint was the act and obligation of the limited co-partnership. They also allege that they complied with all the provisions of the law of the state of New York relating to limited partnerships. By their motion, the appellants sought to compel the plaintiff to set forth in a reply such facts as they may claim would render the appellants liable, notwithstanding the nature of the co-partnership as pleaded by them.

The allegation of the complaint relating to the co-partnership of the defendants is of such a character that the special partners could not interpose a general denial to that allegation. They were co-partners with the other defendants, under the firm name and style of E. Seidenburg, Stiefel & Co. A limited partnership, under the statute, is, except as provided by that statute, subject to the rules of the common law.

As was said in the familiar case of Ames v. Downing, 1 Bradf. Sur. 326:

"The special partnership is by no means a complete anomaly. By the statute, it is termed a 'partnership,' and, both as to the rights of the parties to the contract and as to the world, it is in itself a proper partnership, except as it limits the liability of the special partner, and restricts his control over the business of the firm. The members are partners, and, by slight irregularities, may easily be turned into general partners. The statute terms them 'partners.' Except for the statute, they would be general partners; and, from participating in the profits, it would seem to be a just consequence that they are partners in every sense, subject to liabilities and enjoying privileges as partners in every particular, except as otherwise specially provided. The common law regulates the mutual rights and duties and liabilities of partners, and gov-

erns these limited partnerships in every respect not excepted out of the general rule by this statute."

Such being the relations of the defendants Beinecke and Hesdorfer to the firm, they, in their answer, set up, in avoidance of the liability sought to be enforced against them as partners, the special fact of their relationship to the firm, being such as they were authorized to create by becoming special partners in a limited partnership, for thereby they set up such matter as enables them to evade or escape from the legal effect of a pleading, by alleging new matter in answer to that pleading, and that is a definition of avoidance. The Code authorizes the court, where an answer contains new matter constituting a defense by way of avoidance, to require the plaintiff, on the defendant's application, to reply to that new matter. Code Civ. Proc. § 516. The question here is whether in this case such a requirement should have been made. Upon the issue joined as it now is, it is not disputed that it would be competent for the plaintiff, at the trial, to overcome the matter in avoidance, by proving such facts as would make the defendants (appellants) liable as general partners. There are two distinct and separate kinds of liability of general partners to which a special partner may be subjected. One relates to irregularities or insufficiencies in the formation of the limited partnership, caused by a noncompliance with any of the provisions of the law relating to the organization or the establishment of such limited partnership. The other is a liability arising from the commission of any one of the acts prohibited by sections 20 and 21 of the limited partnership act.

This distinct liability is pointed out in Van Ingen v. Whitman, 62 N. Y. 523, in which the court said:

"Manifestly, there is a difference between a disregard of the provisions of the statute which are prerequisites for the formation of a limited partnership and of the provisions which are a guide for the conduct of its affairs after it has had a legal inception. Until it is legally instituted, there is no lawful limited partnership, and no member of the association may claim the protection afforded by the law. After it has been legally formed, and had its start, according to the law, it may be well said that the protection obtained shall not be forfeited by any member unless he himself is chargeable with knowledge of an infraction of its provisions and an intention to disobey its requirements."

What the appellants desire in this case is information as to which class of liability it may be claimed they are subject to, and it seems but just and reasonable that they should have such information to be set forth in a reply, in order that they may be prepared at the trial to meet what is alleged against them. It may be claimed that the protection of the statute is not available to them, because of their concurrence in or assent to some transaction not prohibited by sections 20 and 21 of the limited partnership act; and, if that be so, they should not be compelled to proceed to trial without any notification of the particular transaction to be made the subject of inquiry, at a time when they would be utterly helpless. This is in no sense a mere attempt to elicit the plaintiff's evidence before the trial, but it is only an application to be informed as to particular facts (and not evidence of the facts) which it may be claimed would convert their limited partnership relations into those of general partners.

The order below was wrong, and should be reversed, with $10 costs, and the motion to require a reply to be served to the new matter granted, without costs.

RUMSEY, O'BRIEN, and INGRAHAM, JJ., concur.

VAN BRUNT, P. J.  I dissent.  There is no reason whatever in this case for ordering a reply that does not exist in every case where new matter is contained in an answer.