## GUINZBURG v. JOSEPH.

(Supreme Court, Appellate Division, First Department. December 30, 1910.)

1. PLEADING (§ 166*)—REPLY—NEW MATTER IN ANSWER.

The complaint alleged that plaintiff and defendant owned certain mining stock, which they desired to sell, and that they agreed to try to sell it, provided plaintiff should be permitted by defendant to agree to indemnify and save harmless any purchaser from loss by reason of his purchase, and that defendant would reimburse plaintiff for any amount he was required to pay out by reason of his contract of indemnity, and that plaintiff sold the stock, which afterwards became worthless, necessitating his payment of a certain sum to the purchaser. One of the defenses was the statute of frauds. Code Civ. Proc. § 516, provides that, whenever the answer contains new matter stating a defense by way of avoidance, the court may, in its discretion, on defendant's application, direct plaintiff to reply to the new matter. *Held*, that since the contract alleged appeared to be one required by the statute of frauds to be in writing, and the complaint did not allege whether it was in writing, plaintiff should be required to serve an amended reply, stating how he expected to meet the defense of the statute of frauds.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 328; Dec. Dig. § 166.*]

2. FRAUDS, STATUTE OF (§ 119*)—NATURE OF DEFENSE.

The statute of frauds is something more than a rule of evidence, being a substantial defense, upon which the complaint may be dismissed in a proper case.

[Ed. Note.—For other cases, see Frauds, Statute of, Cent. Dig. § 266; Dec. Dig. § 119.*]

3. PLEADING (§ 166*)—MOTION—MANNER OF PLEADING DEFENSES.

Both for the purpose of narrowing the issues and preventing surprise at trial, the tendency is to grant with some liberality motions under Code Civ. Proc. § 516, providing that, whenever the answer contains new matter stating a defense by way of avoidance, the court may, in its discretion, on defendant's application, direct plaintiff to reply to such new matter.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 328; Dec. Dig. § 166.*]

Appeal from Special Term, New York County.

Action by Edwin M. Guinzburg against Julius Joseph. From an order denying a motion to require plaintiff to serve an amended reply, defendant appeals. Reversed, and motion granted.

Argued before INGRAHAM, P. J., and CLARKE, SCOTT, MILLER, and DOWLING, JJ.

Max J. Kohler, for appellant.
Jay C. Guggenheimer, for respondent.

SCOTT, J. Appeal from order denying motion to compel plaintiff to reply to separate defenses. The allegations of the complaint are

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

that prior to December, 1902, defendant had acquired a considerable block of mining stock, in which plaintiff also acquired an interest; that both parties were anxious to dispose of the stock; that it was agreed that both parties should try to sell the stock, it being a condition, however, that plaintiff should be permitted by defendant to make an agreement to indemnify and hold harmless any proposed purchaser against any loss by reason of such purchase; that it was further agreed that if plaintiff should be called upon to pay back to any purchaser, by reason of said contracts of indemnity, any money paid by said purchasers, the defendant would repay to plaintiff the amount so paid back; that plaintiff sold stock to the amount of $3,750; that the stock afterwards became worthless, and plaintiff was required to repay said amount, which he now seeks to recover from defendant. The defendant, in addition to a general denial, pleads a counterclaim, and in three separate defenses pleads the statute of frauds. The plaintiff has replied to the counterclaim, and the purpose of the present motion is to compel him to reply to the apparently complete defenses based upon the statute of frauds.

The motion is authorized by section 516 of the Code of Civil Procedure, and the tendency at the present day is to grant such motions with some liberality, both to narrow the issues and to prevent surprise at the trial. The statute of frauds is something more than a mere rule of evidence. It is a substantial defense, upon which, in a proper case, a complaint may be dismissed. Seaman v. Barentsen, 180 N. Y. 333, 73 N. E. 42, 105 Am. St. Rep. 759. The contract stated in the complaint appears to be one which the statute requires to be in writing, but it is not stated whether it is in writing or not. Under these circumstances, we think that the plaintiff should be required to show how he expects to meet the plea of the statute. The defendant says that when the reply has been served he expects to move for judgment upon the pleadings. It is not apparent how he can do that so long as his counterclaim remains undisposed of. Emanuel v. Walter, 138 App. Div. 818, 123 N. Y. Supp. 491. But whether he can so move or not is immaterial. For the other reasons above stated, we are of opinion that the motion should have been granted.

Order reversed, with $10 costs and disbursements, and motion granted, with $10 costs. All concur.