B. DEVEREUX BARKER and Another, Plaintiffs, *v.* JAMES M. E. O'GRADY, Defendant.

(Supreme Court, Monroe Special Term, December, 1916.)

Pleading — reply when ordered — contracts — Statute of Frauds — trial — Code Civ. Pro. § 516.

> A reply will be ordered under section 516 of the Code of Civil Procedure to compel a plaintiff to state whether or not a contract sued upon is in writing where the defendant sets up the Statute of Frauds and the reply may enable the defendant to move for judgment on the pleadings and thus expedite the determination of the case without a trial.
>
> A reply will be ordered under section 516 of the Code of Civil Procedure where it is necessary to prevent surprise, narrow the issues, expedite the trial or where it is just and reasonable that such a reply should be made, depending upon the sound discretion of the court.

MOTION to compel a reply.

Junius R. Judson, for plaintiffs, opposed.

Frederick P. Kimball, for defendant, for motion.

RODENBECK, J.   The defendant is entitled to a reply to the new matter set up in his answer alleging that the contract sued upon is void under the Statute of Frauds.   There is no allegation in the complaint as to whether the contract in question is oral or in writing and the defendant is entitled to a reply to his defense that the contract comes within the Statute of Frauds. Section 516 of the Code of Civil Procedure does not define the cases in which a reply to new matter may be ordered but leaves it to the discretion of the court. There is no general rule applicable to all cases defining the limitations of this discretion, but it may be exercised to prevent surprise (*Guinzburg* v. *Joseph,* 141 App. Div. 474), to narrow the issues (Id.), to expedite the determination of the litigation (*Cavanagh* v. *Oceanic Steamship Co.,* 30 N. Y. St. Repr. 532, 534), and in other cases where it is just and reasonable that a reply should be made.   *Hartford National Bank* v. *Beinecke,* 15 App. Div. 474, 477; *Seaton* v. *Garrison,* 116 id. 301.   In order to justify a reply by the court it is not necessary that the new matter should constitute a complete defense.   If a reply is served in this case and the plaintiff is required to state whether or not the contract sued upon is written or oral the defendant will then be in a position to move for judgment on the pleadings under section 547 of the Code of Civil Procedure and the validity of the contract can then be determined.   The present tendency is to liberally construe this and other provisions of the Code of Civil Procedure so as to accomplish by judicial construction a simplification of practice which has been delayed by legislative enactment.   The motion is granted, with ten dollars costs of motion.

Motion granted, with costs.