JACOB TRACHTENBERG, Doing Business under the Name of CENTRAL BINDING COMPANY, Plaintiff, *v.* CONVERSE & COMPANY, Defendant.

(Supreme Court, New York Special Term, December, 1919.)

Contracts — breach of — pleading — when motion for judgment on the pleadings granted — Statute of Frauds.

Where in an action to recover for breach of a contract for sale and delivery of goods, the answer pleads that the contract

was not in writing and that there was no part payment or delivery, and the denials in the reply, which contains no affirmative allegation that there was a writing or part payment or delivery, are insufficient to raise an issue because of the qualification, " as alleged in  *  *  *  the defendant's answer," the defendant's motion for judgment on the pleadings will be granted on the ground that the defense of the Statute of Frauds remains wholly unanswered.

MOTION for judgment on the pleadings.

Paul M. Abrahams, for plaintiff.

Rushmore, Bisbee & Stern, for defendant.

ERLANGER, J. The complaint proceeds for the breach of a contract to sell and deliver goods of the value of more than fifty dollars. To a defense setting up the Statute of Frauds, upon allegations that the contract was not in writing, and that there was no part payment or delivery the plaintiff has served a reply under an order of the court. This reply contains no affirmative allegation that there was a writing or part payment or delivery. It admits that the goods sold were of a value over fifty dollars, and that no payment was made of any part of the purchase price. From the complaint it appears that there was no delivery of any part of the goods, and nothing is alleged to meet the . defense unless the plaintiff may be held to have raised a material issue for trial by two denials contained in the reply. As framed the reply denies " that the defendant did not offer to deliver the whole or any part of the said goods mentioned in said contract of sale, or that nothing was given by either the plaintiff or defendant to the other to bind the alleged contract, as alleged in paragraph of the defendant's answer designated *VI*," and further, the plaintiff " denies any knowledge or information sufficient to form a belief

that neither said alleged contract nor said alleged sale nor any note or memorandum thereof was ever made in writing and subscribed by the defendant or its lawful agent, as alleged in paragraph of the defendant's answer designated *VI.*'' These denials are not sufficient to create an issue because of the qualification '' as alleged in  *  *  *  the defendant's answer.'' So framed, the denial is frivolous, being directed to the form, not the substance, of the averments denied. *Hutchinson* v. *Bien,* 104 App. Div. 214. Upon this ground the defendant properly moves for judgment on the pleadings, since the defense of the Statute of Frauds remains wholly unanswered. Whether the plaintiff, when directed to reply to such a defense, may avail himself of a mere denial is a question not directly presented by this record. The defense of the Statute of Frauds is necessary to enable the defendant to insist upon the proof of a contract, or of part payment or performance, within the requirements of the statute, at the trial (*Crane* v. *Powell,* 139 N. Y. 379), or to seek judgment on the pleadings where the defect appears on the face of the complaint and no demurrer has been interposed. *Seamans* v. *Barentsen,* 180 N. Y. 333. Where the complaint states no oral contract the plea of the statute does not actually tender a new issue of fact for the plaintiff to meet. It relates to proof of the cause of action, not to matter upon which the defendant has the affirmative, and serves notice upon the plaintiff to come to trial with a provable case. It would seem to follow that if the order for a reply is to have any effect in such a case the plaintiff should supplement the allegations of the complaint by averments in the reply showing that the plea of the statute can be met, but the point does not appear to have been directly ruled. That such should be the ruling is indicated by the opinion in *Guinzburg* v.

*Joseph,* 141 App. Div. 472, where the propriety of directing a reply to a defense of this character was considered. Defendant's motion for judgment on the pleadings granted, with leave to plaintiff to amend reply upon payment of motion costs within twenty days.

Ordered accordingly.