THE CITY OF OSWEGO, Plaintiff, *v.* THE PEOPLES GAS AND ELECTRIC COMPANY OF OSWEGO, Defendant. Action No. 2.

(Supreme Court, Oswego County, August, 1921.)

Pleadings — motion for judgment on — defendant may raise question that plaintiff has no right to bring action — gas and electric rates — when municipality limited to remedy provided by Public Service Commissions Law — city of Oswego — Code Civ. Pro. § 547 — Public Service Commissions Law, §§ 66(12), 71 — Laws of 1895, chap. 394, §§ 130, 260, 353.

A motion for judgment on the pleadings under section 547 of the Code of Civil Procedure and a similar motion made at the trial, are determined by the same rules.

Where the defendant makes the motion, he admits every material allegation of fact in the complaint which must be read as clarified and limited by additional matter pleaded in the answer and admitted by the reply.

Where the complaint thus read fails to state facts sufficient to constitute a cause of action, the defendant is entitled to judgment on the motion and may raise the question that the plaintiff has no right to bring the action.

While section 71 of the Public Service Commissions Law provides that the mayor of a city may, as a complainant, institute proceedings to test the legality or reasonableness of rates filed by any public service corporation subject to the jurisdiction of the commission, that authority only permits the institution of the proceeding provided for by that statute, and is no basis for an action in the courts.

A municipality desiring to protect the interests of its resident consumers of gas, electricity and services in connection therewith, as a class, is limited to the exclusive remedy provided for by the Public Service Commissions Law, and has no right to bring an action solely against electrical companies until it has exhausted its remedies by lodging its complaint with the public service commission which is fully empowered to grant relief in a proper case.

The rates to be paid by municipalities for gas, electricity and services in connection therewith are to be regulated by contract and are not affected by the schedule of rates filed under section 66(12) of the Public Service Commissions Law, and in the city of Oswego the rates to be paid are regulated by the city charter (Laws of 1895, chap. 394, §§ 130, 260, 353).

Where, therefore, said city as the representative of consumers of gas and electricity within its territory, brings an action to have the schedule of rates filed by defendant with the public service commission pursuant to section 66 of the Public Service Commissions Law, declared unjust, unreasonable and exorbitant under section 65 of said statute, defendant's motion for judgment on the pleadings for the dismissal of the complaint on the merits will be granted and the injunction *pendente lite* theretofore granted, will be vacated.

The plaintiff being in no event entitled to bring the action the court in its disposition of the present motion is not justified in permitting an amended complaint to be served.

MOTION by defendant for judgment on the pleadings.

Mizen & Mizen (Neile F. Towner, of counsel), for motion.

John R. Pidgeon, city attorney (Francis E. Cullen, of counsel), opposed.

CHENEY, J.  The plaintiff brings this action to obtain a judgment declaring certain rates for gas, electricity and services in connection therewith, charged and demanded by the defendant, specifically set up in the complaint, to be unlawful, unjust and unreasonable, and perpetually enjoining the defendant from charging, demanding or collecting such rates from plaintiff or other consumers within the territory of the plaintiff.  A temporary injunction was granted in the action restraining the defendant from collecting a service or demand charge.  That injunction was subsequently modified to permit the collection of such charge, but requiring it to be deposited in bank subject to the further order of the court.

The amended complaint alleges that the defendant put into effect a schedule of rates, copies of which are made a part of the complaint, to be charged by it for gas and electricity within the territory of plaintiff, which rates after dates specified were charged and demanded by defendant of its customers; and that such rates are unjust, unreasonable and exorbitant and prohibited by section 65 of the Public Service Commissions Law, and that if defendant is permitted to collect such charges it will receive an unjust, unreasonable and excessive return from plaintiff and each of its other patrons for the service rendered, the cost of operation and the property devoted by it to public use.  A specific ground of illegality of such rates is alleged, in that they include so-called service and demand charges, one element of the service charge for gas being stated to be a rent on gas meters in violation of section 66 of the Transportation Corporations Law.  The complaint further alleges that defendant threatens and intends to refuse to continue to supply plaintiff and its other customers in said city with gas and electricity and cut off such supply unless

such rates are paid, and that the action is brought by virtue of a resolution of the common council, approved by the mayor, and for the benefit of all patrons of the defendant in the city of Oswego pursuant to section 448 of the Code of Civil Procedure.

The answer admits all the allegations of the complaint, except those relating to the illegality of the rates, and threats to discontinue the service, and that the action was brought pursuant to section 448 of the Code of Civil Procedure, and alleges as a defense that the schedules of rates for gas and electricity attacked by the complaint were made and filed by it with the public service commission, second district, of the state of New York as the schedules of rates for service to be rendered and gas and electricity to be furnished by it to all its gas and electric consumers and customers, and that said schedules were effective on certain named dates, and then became and are the filed and published schedules of rates to be charged and collected by the defendant for all services rendered and gas and electricity supplied to all its consumers and customers, which schedules of rates have been and are of record with and filed in the office of said public service commission.

Pursuant to an order of the court requiring it, plaintiff served a reply to the new matter contained in the answer, admitting the same, with the exception of the allegations that one of the schedules was put into effect in less than the statutory time of thirty days by an order of the public service commission granted and filed in its office, as to which it denied any knowledge or information sufficient to form a belief. Under the authorities, that is not a denial; as the fact was a matter of public record, easy of access, and the pleader could without inconvenience ascertain its truthfulness. *Olsen* v. *Singer Mfg. Co.,*

143 App. Div. 142. That fact also must be deemed to be admitted by the reply.

Upon this motion for judgment upon the pleadings under section 547 of the Code of Civil Procedure, the defendant attacks the sufficiency of the complaint as stating a cause of action. The rules governing the determination of the motion are the same that are applicable to a similar motion made at the trial. *Clark* v. *Levy,* 130 App. Div. 389; *Mitchell* v. *Dunmore Realty Co.,* 135 id. 583; *Olsen* v. *Singer Mfg. Co.,* 143 id. 142. If the defendant moves, he admits every material fact set out in the complaint, and is entitled to judgment if the complaint does not state facts sufficient to constitute a cause of action. *Emanuel* v. *Walter,* 138 App. Div. 818. The objection that plaintiff has no right to maintain the action may be presented on such a motion. *Walter* v. *Walter,* 170 App. Div. 870; affd., 217 N. Y. 439. The complaint must be read as clarified and limited by the additional matter set up in the answer and admitted by the reply. *Trachtenberg* v. *Converse & Co.,* 109 Misc. Rep. 487; *Nulle* v. *Hardman,* 185 App. Div. 351; *Basso* v. *Clark & Son,* 108 Misc. Rep. 78; 189 App. Div. 944.

Plaintiff seeks to have declared invalid and to restrain the collection of certain rates for gas and electricity established by defendant by filing a schedule thereof with the public service commission, pursuant to section 66 of the Public Service Commissions Law. That section empowers the public service commission to require every gas corporation and electrical corporation to file with the commission and to print and keep open to public inspection, schedules showing all rates and charges made, established or enforced or to be charged or enforced by it, and makes it unlawful for such corporation to charge, demand, collect or receive a greater or less or differ-

ent compensation for any service rendered by it than the rates and charges specified in such schedule.

It is evident that the plaintiff is not entitled to maintain this action by reason of the fact that it is a consumer of gas and electricity supplied by defendant, for the reason that the schedule of rates in question has no application to the price to be paid by the plaintiff or any other municipality for gas and electricity used. The section of the Public Service Commissions Law under which the rates were filed expressly exempts from its provisions state, municipal and federal contracts. Pub. Serv. Comm. Law, § 66, subd. 12; *City of New York* v. *N. Y. Edison Co.,* 196 App. Div. 644. The rates to be paid by municipalities are to be regulated by contract, and are not affected by the filed schedule of rates. In the case of the city of Oswego, the plaintiff, the matter is regulated by its charter. Laws of 1895, chap. 394, §§ 130, 260, 355.

The plaintiff as a municipality has no right to maintain the action as the representative of consumers of gas and electricity who are affected by the rates attacked. Every action must be prosecuted by the real party in interest (Code Civ. Pro. § 449) and plaintiff has no interest in the cause of action. It is only when the cause of action is common to all that one may sue for the benefit of all. Code Civ. Pro. § 448; *Reid* v. *The Evergreens,* 21 How. Pr. 319. The Public Service Commissions Law provides that the mayor of a city may become a complainant and institute proceedings to test the legality or reasonableness of rates filed by any public service corporation under the jurisdiction of the commission. That authority only permits the institution of the proceeding provided for by the act, and is no basis for an action in the courts. The remedy provided by the Public Service Commissions Law is exclusive, and a

municipality desiring to protect the interests of its resident consumers as a class is limited to the method therein provided. Pub. Serv. Comm. Law, § 71; *City of New York* v. *N. Y. Edison Co.*, 196 App. Div. 644.

In the recent case of *City of New York* v. *N. Y. Edison Co., supra,* the Appellate Division of the first department said: " It is also to be borne in mind that the claims and charges involved in this action do not in the slightest degree apply to and in no way affect the plaintiff, the city of New York as a consumer, and it is not pretended by the plaintiff that they do. Section 66, subd. 12, of the Public Service Commissions Law, specifically provides that the requirements of the statute as to promulgating rate schedules are not applicable to current furnished a municipality. It is thus apparent that the plaintiff as a municipality has no interest as a consumer in the subject-matter of this action. It has the undoubted right to be the complainant in the general interest of the public since section 71 of the Public Service Commissions Law so provides. But the mere fact that it may have the right to complain does not give it the right to come into court in an action brought solely against electrical companies until it has first exhausted its remedies by complying with section 71 in lodging its complaint with the Public Service Commission which is fully empowered to grant relief in a proper case. In other words, the plaintiff has an adequate remedy at law expressly provided for it, of which it has not availed itself. There is no reason to suppose, nor is any suggested, that the Public Service Commission would not do its duty when called upon according to law. It is not the province of the court to interfere with the regulatory and administrative work of the Public Service Commission. The court

should only act where the Commission itself has acted or omitted to act contrary to law."

As the plaintiff in any event is not entitled to maintain the action there is nothing to justify the court in exercising the discretion which is vested in it upon a motion of this character to permit the service of an amended complaint. *Mitchell* v. *Dunmore Realty Co.,* 135 App. Div. 583.

An order may be prepared dismissing the complaint on the merits with costs, vacating the temporary injunction, and directing the payment to the defendant of the special fund deposited in the Second National Bank of Oswego pursuant to the order modifying the injunction herein.

Motion granted.