MARSHALL ROBIE, Respondent, *v*. FRED F. FRENCH COMPANY, Appellant.

First Department, January 7, 1925.

**Master and servant — action for wrongful discharge — defense of Statute of Frauds — reply served after order was held to be insufficient — order granted motion to dismiss complaint with leave to amend — amended reply served thereafter was returned — defendant required to accept amended reply.**

In an action to recover damages for wrongful discharge in which the plaintiff's reply, served by direction of the court, to the defense of the Statute of Frauds was held, on a motion for a judgment dismissing the cause of action, to be insufficient for certain reasons stated in the opinion by the Special Term, the

defendant should have accepted an amended reply served upon it, since it appears that while the order granted on the motion to dismiss the complaint merely gave leave to amend without definitely referring to the reply, it is clear that the leave granted was leave to amend the reply, since the sufficiency of the reply was the only question before the court and its opinion throughout deals alone with that question.

APPEAL by the defendant, Fred F. French Company, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 28th day of October, 1924, granting plaintiff's motion to compel the defendant's attorneys to accept and retain the amended reply herein served August 7, 1924, and resettling *nunc pro tunc* as of the 15th day of July, 1924, an order entered in said clerk's office on said day granting defendant's motion dismissing the second cause of action stated in the complaint.

*Kellogg, Emery, Inness-Brown & Cuthell* [*J. Fearon Brown* of counsel], for the appellant.

*William L. Tierney* [*Eugene M. Hawkins* of counsel], for the respondent.

DOWLING, J.:

Plaintiff brought this action to recover damages claimed to have been sustained by reason of defendant's breach of certain agreements between them, whereby the former was to perform services for the latter. The second cause of action set forth in the amended complaint alleges:

" VIII. That in or about the month of November, 1919, the defendant employed the plaintiff to perform for it certain services, among which were the obtaining of business and contracts for the defendant, and promised and agreed with the plaintiff that such employment should continue for at least the period of one year from December 1, 1919."

The amended answer, after a general denial, set up, as a separate defense to the second cause of action, the Statute of Frauds. Defendant thereupon moved for an order requiring plaintiff " to reply to the new matter set up in paragraph 4 of the amended answer to the amended complaint wherein the defendant pleads the Statute of Frauds as a separate defense to the second cause of action, as set forth in the amended complaint." The motion was granted and plaintiff was ordered within twenty days to " serve a reply to the new matter set up in paragraph 4 of the amended answer," pleading the Statute of Frauds.

Plaintiff thereupon served an amended reply, pursuant to this order, wherein he " Denies each and every allegation contained in

paragraph IV of the amended answer to the amended complaint, except that plaintiff admits that said agreement was not in writing." The defendant then moved for judgment dismissing the second cause of action upon the amended complaint, amended answer and reply, on the ground that it " does not appear that any note or memorandum of said alleged contract of employment was in writing and subscribed by the defendant, or by its lawful agent, and that said alleged contract was not by its terms to be performed within one year from the making thereof."

The learned court at Special Term wrote an opinion, demonstrating that the reply was insufficient in that the plaintiff had failed to comply with the direction on the order by at least alleging in his reply " the date of the making of the contract * * * to substantiate the denial that such statute applies." The court said that " he should, in other words, show clearly how he expects to meet the plea of the Statute of Frauds. (*Guinzburg* v. *Joseph*, 141 App. Div. 472.) This the plaintiff has not done."

The court granted the motion, but gave leave to amend within twenty days. From this order no appeal was taken by either party.

Plaintiff thereupon paid the motion costs and served an amended reply, which set forth:

" II. That the contract or agreement alleged in paragraph VIII of the amended complaint was entered into in or about the month of November, 1919, but more specifically subsequent to December 1st, 1919, to wit: on or about December 6th, 1919, at the City of New York and that according to its terms said contract or agreement was to be fully performed and to expire November 30th, 1920, less than one year from the making thereof.

" III. That said contract or agreement was not within the Statute of Frauds in that it was not one which by its terms is not to be performed within one year from the making thereof."

The moving affidavit herein then sets forth: " That said amended reply was returned with a notice that neither the order nor opinion provided for the service of the plaintiff of an amended reply. That said amended reply was again served upon defendant's attorneys with a notice that plaintiff insisted that they accept the same. That said amended reply was again returned on the ground that neither the order nor opinion provides the service of an amended reply."

Plaintiff then moved for an order compelling the acceptance of the amended reply, and amending the original order *nunc pro tunc* so as to specifically provide for the service of an amended reply. This motion was granted by the same justice who made

the original order, and from the order entered thereon the present appeal is taken.

It is clear that defendant was in error in its contention that by its original order the court did not intend to allow plaintiff to serve an amended reply. The opinion throughout deals with the insufficiency of the reply and shows what a proper reply should contain. The leave to amend clearly and unmistakably refers to the reply only. No permission was sought or given to amend the amended complaint. It was the reply alone which was under examination, found to be defective, and leave given to amend it. This is not only the obvious meaning of the opinion, but is confirmed by the interpretation put upon it by the justice who made it, when he made the order now under review.

It follows, therefore, that the defendant was bound to accept the amended reply, which was served upon him in accordance with the opinion of the justice who made the order on the motion for judgment.

It is quite true that the motion for judgment should have been granted, for plaintiff had made no real reply to the defense of the Statute of Frauds, as he was ordered to do. There are no papers before us which show upon what plea the learned justice at Special Term gave leave to amend the reply. But the matter is not before us for review, as no appeal was taken from the order entered on the opinion granting such leave.

As the only ground assigned for the refusal to accept service of the amended reply was that no leave to serve it had been intended to be granted, and that reason was untenable, the order appealed from should be affirmed, with ten dollars costs and disbursements, but without prejudice to such motion as defendant may elect to make with reference to the substance or form of such amended reply when received by it.

CLARKE, P. J., MERRELL, MARTIN and BURR, JJ., concur.

Order affirmed, with ten dollars costs and disbursements, but without prejudice to such motion as defendant may elect to make with reference to the substance or form of the amended reply when received by it.