Walter, K. Hart, J.
Plaintiff moves to strike the affirmative defenses to the amended complaint herein which alleges five causes of action. In four of these plaintiff purports to allege causes of action in his own right and in the other (second cause of action) he proceeds as a stockholder in the right of the corporation. While the first cause of action purports to allege a cause in his own right, the allegations thereof primarily allege wrongs to the corporation and border on insufficiency (cf. Gilbert v. Burnside, 6 A D 2d 834). This cause of action is against the corporation, its directors and one Van Den Brande and seeks the recovery of money damages predicated on the following allegations: that Diadust Corporation, in which plaintiff and the defendant Schrauff were fellow directors and shareholders, had been organized in 1950 for the manufacture and sale of a product which was produced pursuant to a patent granted to plaintiff; that by agreement both plaintiff and defendant were to share the profits therefrom. The complaint alleges that a copy of the memo, dated February 20, 1945, of a verbal agreement is attached thereto and incorporated therein by reference. Plaintiff, however, failed to attach it to the complaint. The complaint alleges that in June, 1953 defendant Schrauff, without plaintiff’s knowledge or consent, sold all of the corporation’s assets, including the patent, to the defendant Van Den Brande. That the defendants, motivated by a desire to eliminate plaintiff’s interest in the corporation, combined to dissolve the corporation without need therefor in June, 1954 and that plaintiff was, by reason of the resulting dissolution, deprived of his interest in the corporation, his interest in the patent and his right to compensation for his services to the corporation of $100 a week as agreed to. It is to be observed that the complaint does not allege facts to show who was to remunerate the plaintiff for his services, nor does it allege that plaintiff, in consideration of his assigning the patent, received stock from the corporation, though this may be gleaned from the answer. The complaint further alleges that the liquidation of the corporation was motivated by the desire of Schrauff and the other directors to eliminate plaintiff as a director and officer of the company. Plaintiff, demand *921 ing $100,000 in damages, then alleges: “By reason of the foregoing, the plaintiff has ceased since June 1954 to receive any salary which was due him, both accrued and present, or other payments from Diadust Corporation; the value of his stock interest in Diadust Corporation has been impaired and damaged and the plaintiff has lost the normal expectative of a continued return from his services to Diadust Corporation and his interest as a shareholder of Diadust Corporation and from his patent rights ”.
Schrauff is the only defendant who has been served or appeared in the action.
For a first affirmative defense to this cause of action, defendant alleges facts purporting to show laches on the part of-plaintiff, to the damage of all of the defendants. Plaintiff presently moves to - strike this defense for insufficiency. The motion is granted. If a cause of action exists at all in plaintiff’s own right, it is an action at law, and not in equity, and therefore the defense of laches is not available (Pollitz v. Wabash R. R. Co., 207 N. Y. 113; Pfeiffer v. Berke, 4 Misc 2d 918; Girschowitz v. De Long, 51 N. Y. S. 2d 499).
For a second affirmative defense to this cause of action, defendant alleges that there has been a nonjoinder of parties defendant. This contention is predicated on the fact that, though all necessary and indispensable parties have been named, process was not served. The objection as to nonjoinder, however, may be raised only by a motion to add parties (Civ. Prac. Act, §§ 192, 193; Bules Civ. Prac., rule 102; Carruthers v. Waite Min. Co., 306 N. Y. 136; Taylor v. Creary, 5 A D 2d 876). The affirmative defense is therefore stricken.
The second cause of action is brought derivately by plaintiff as a stockholder in the right of the Diadust Corporation. In addition to incorporating by reference most of the allegations of the first cause of action, it is alleged that the liquidation of the corporation was fraudulent and contrary to the interests of the corporation, resulting in a dissipation and deprivation of the corporate assets; that defendant Yan Den Brande organized a corporation (note difference in spelling), Dia-dust, to which the patent was assigned and that this corporation is earning profits which in equity belong to the Diadust Corporation. It is alleged that plaintiff has demanded that the action to recover the assets of the defendant corporation be brought on behalf of the corporation, which demand has been refused and, in any event, the demand would be futile.
Plaintiff, with respect to this cause of action, seeks judgment declaring the dissolution of Diadust void and seeks an account *922 ing of the proceeds of the sale of the patent and the assets of the corporation and an accounting of the profits by Dia-dust. (It is to be observed that the latter corporation has not been named as a defendant.)
As first and second affirmative defenses to this cause of action, defendant Schrauff repeats by reference the allegations of the first two defenses to the first cause of action. The second defense, relating to nonjoinder of parties, merits no discussion. It is dismissed for the same reason assigned for its dismissal as a defense to the first cause of action. The first defense to the second cause of action is sufficiently pleaded since this cause of action in the right of a corporation seeks an accounting and sounds in equity and, therefore, the defense of laches is available.
The remaining causes of action are brought in plaintiff’s individual interests against the defendant Schrauff only. In the third cause of action he alleges the making on February 20,1945 of a “ memorandum of a verbal agreement ” with Schrauff of the sharing of the profits of the patent; that by said agreement defendant u agreed ‘ that any disposition with regard to the sale of the patent of [sic] its assignment for royalty remuneration or for the manufacture of same must be by mutual agreement.’ ” That subsequently Schrauff sold the patent to a third' party without the consent of the plaintiff, resulting in damage to the plaintiff to the sum of $50,000.
For a first affirmative defense.to this cause of action, defendant Schrauff alleges (both by reference to the first affirmative defense to the first cause of action and specifically) that the parties entered into an agreement on February 20, 1945 (which plaintiff failed to attach to the complaint); that this memorandum of a verbal agreement is attached to the defendant’s answer. This agreement provided for the equal division of profits derived from the patent. That thereafter both parties conveyed their interest in the patent to the corporation for an equal amount of stock. The answer of the defendant alleges “ that the sale by defendant Schrauff and plaintiff of the said patent and all their rights hereunder to the defendant Diadust Corporation in consideration of the latter’s stock was a disposition thereof with the permission of the defendant Schrauff and plaintiff within the intendment of the agreement referred to in paragraph 31 of the amended complaint.” Plaintiff seeks to dismiss this affirmative defense for insufficiency. The allegations contained in this affirmative defense do not constitute new matter and therefore do not constitute a defense by way of avoidance. The issues can be clearly raised by the denials in the answer of the *923 allegations of plaintiff’s complaint. The third affirmative defense is therefore dismissed for insufficiency.
The fourth cause of action against Schrauff alleges that thereafter “ in May, 1950, plaintiff and the defendant Schrauff entered into an agreement whereby the defendant Schrauff, in substance agreed to promote and exploit the said patent for the financial benefit and in the interests of this plaintiff and to provide employment of this plaintiff by a corporation to be organized at a reasonable salary to compensate him for his services.” It is then alleged that plaintiff during 1950 and 1951 rendered services to the corporation for the purpose of promoting the patent but received no salary; that Schrauff, in violation of the agreement, refused to approve payment of 'a salary to the plaintiff, to his damage in the sum of $10,000.
As a first affirmative defense to the fourth cause of action, defendant alleges that the parties, together with the other stockholders, entered into a written agreement, attached to the answer, which contained the following provision: “The corporation shall employ the said Bleakney to devote his full time and best efforts to the business of the corporation, at a salary to be determined from time to time by the board of directors of the corporation, * * The answer then alleges that the agreement ‘ ‘ is void for uncertainty ’ ’ and ‘ ‘ to the extent that the agreement referred to in paragraph 34 of the amended complaint is alleged to have been oral it is also void within the Statute of Frauds as not to be performed within one year from the date thereof, of which there is no memorandum in writing signed by or in behalf of any of the parties sought to be charged thereunder.” Plaintiff’s application to dismiss this affirmative-defense is disposed of as follows: That portion of the defense relating to the Statute of Frauds (not subjunetively phrased) will be permitted to stand. The remainder is stricken since that portion relating to the existence of the written contract is available as proof at the trial to sustain defendant’s denial of the existence of a contrary oral agreement as alleged by plaintiff. The pleading of the defense that the agreement is void for uncertainty is a legal conclusion which has no place in the pleading.
The fifth cause of action, after alleging by reference the agreement of February 20,1945 for the sharing of profits of the patent and that it further “ agreed ‘ that any disposition with regard to a sale of the patent of [sic] its assignment for royalty remuneration or for the manufacture of same must be by mutual agreement,’ ” then alleges that Schrauff agreed to take all *924 necessary steps “ to exploit and promote either by manufacture or sale the patent hereinabove referred to”; that in reliance on Schrauff’s promise plaintiff conveyed to him a half interest in the patent; that Schrauff failed, refused and neglected to keep his promise, by reason of which plaintiff was damaged in the s'um of $50,000. Plaintiff in this cause of action also alleges that defendant Schrauff was his attorney and acted for him. These allegations, which do not appear material in the first instance, are denied in the answer and, additionally, defendant affirmatively pleads with respect to the entire cause of action that he did not act as plaintiff’s attorney and that after the sale of the patent by the parties to the corporation their only relationship was that of fellow stockholders. These matters may be controverted by denials and therefore are improperly pleaded as affirmative defenses and are stricken.
In résumé, therefore, plaintiff’s motion to strike the affirmative defenses is granted except as to the first affirmative defense to the second cause of action and that portion of the affirmative defense to the fourth cause of action relating to the Statute of Frauds.
The defendant has moved herein to compel a reply to all the affirmative defenses. The only defenses that survive the plaintiff’s motion to strike are the ones relating to laches (second affirmative defense to the second cause of action) and the affirmative defense to the fourth cause of action insofar as it relates to the Statute of Frauds. With respect to the defense of laches, the court finds that a useful purpose would be served in limiting and defining the issues by a reply to the facts set forth in the defense. With respect to the defense of Statute of Frauds, a reply thereto is directed (Guinzburg v. Joseph, 141 App. Div. 472; Barker v. O’Grady, 98 Misc. 42). Accordingly, the motion to compel a reply to the affirmative defenses is granted as indicated.
Defendant presently moves for an order severing the first two causes of action from the remaining three causes of action. Defendant’s motion is predicated on the theory that the first two causes of action are brought in the right of the corporation while the last three are brought in plaintiff’s own personal interests. There is no valid reason warranting a severance. Such causes of action were properly joined (Civ. Prac. Act, § 258; Young v. Taber, 284 App. Div. 829) and sound judicial discretion requires that the power of severance should not be exercised by the court in such case unless the failure to sever would place some substantial right in jeopardy (Sherlock v. Manwaren, 208 App. Div. 538; 2 Carmody-Wait, New York *925 Practice, p. 510.) No such, prejudice to a substantial right of plaintiff has been shown to exist which would justify severance and, accordingly, the motion is denied.
Defendant also moves for an order dismissing the first two causes of action on the ground of nonjoinder of parties in that the corporation, its directors, officers and trustees-in-dissolution, and the alleged transferees of the corporate assets, are all indispensable parties as respects these two causes of action, and while named as defendants in the action (except the Dia-dust Corporation) have not been joined therein by service of process upon them. This motion is denied. The objection that there is a nonjoinder of parties must be raised in the first instance by a motion to add parties and not by a motion to dismiss (see authorities cited, supra).
Settle orders on notice.